HILL and another v. McDONALD, impleaded, &c.

An oral contract for the sale of goods of a greater value than fifty dollars, does not come within the statute of frauds, if the buyer has received and accepted a part of the goods. R. S., chap. 107, sec. 3, subd. 2.

Where the buyer, after goods are delivered on his premises, has a right to have them inspected before accepting them, a sale of them without inspection is a waiver of such right, and constitutes a full acceptance.

APPEAL from the Circuit Court for *Manitowoc* County.

Action for the price of certain shingles alleged to have been sold to the defendants, as partners under the name of *McDonald & Co.*, in June, 1857. The answer of *McDonald* was a general denial. The other partner, *Elizabeth M. Franklin*, did not answer. Upon the trial, the evidence for the plaintiffs went to show that on the 28th of May, 1857, they agreed orally to let the defendants have 50 thousand shingles in the course of ten

days or two weeks, if they would draw them from a certain place designated; that the plaintiffs were to pay the defendants a certain rate per thousand for such hauling; that on the 1st, 2d and 3d of June the defendants had 32½ thousand hauled by their own team, and the plaintiffs themselves hauled three thousand more; that the defendants did not call for the rest of the shingles within the time agreed upon, but before the end of that period their store was closed on account of some difficulty between the partners; that the shingles were not to be accepted until inspected, but were to be inspected as fast as they were hauled, and the price was to vary from $2.50 to $3.00 per thousand as they belonged to one or another of three specified qualities; that while the store was closed, Henry L. Franklin, who had been clerk in the store "up to near that time," and was then acting as agent of one of the partners, sold the shingles to one Glover, who was aware at the time that the store was closed on account of a difficulty between the partners; and that Glover paid Franklin for the shingles in notes running to *McDonald & Co.* The plaintiffs also introduced proof of the value of the shingles. After the plaintiffs rested, the defendants moved for a nonsuit, on the grounds that the contract as proved was void by the statute of frauds, and that the plaintiffs had not shown any cause of action. Motion denied. The defendants then introduced evidence tending to show that the agreement between them and the plaintiffs was, that the latter were to "haul down and pile up at any place they chose, from fifty to one hundred thousand shingles, and when they got fifty thousand down they were to be inspected, and the defendants were to purchase them;" that they hauled some and piled them on a lot next to that of the plaintiffs; that they were never inspected "nor received by the firm of *McDonald & Co.* in any way;" that Glover removed the shingles after they dissolved partnership, and several days after the defendant *McDonald* had made an assignment of all the partnership property for the benefit of the creditors of the

firm—which assignment was made June 8, 1857; that while the shingles were being removed, one Warren, at the request of *McDonald*, told Glover not to touch them because *McDonald* had made an assignment, and no one could tell who owned the shingles; that shortly afterwards one of the plaintiffs, in conversation with *McDonald*, stated that the shingles had never been delivered to *McDonald & Co.*, and he had a right to sell them to whom he chose, if he could get more than *McDonald* would give after they were inspected; that he did not consider *McDonald & Co.* holden for them, because they had not been inspected, and no price had been agreed upon. L. T. Warren testified that, at the request of *McDonald*, he told Glover's agent, when about to remove the shingles, that they belonged to *Hill.*

Verdict and judgment for the plaintiffs.

*J. A. Bentley*, for appellants:

The contract of May 28th, 1857, was void by the statute of frauds. 2. There was no subsequent delivery. The quality of the shingles was never determined by inspection according to the agreement, and the price to be paid was never ascertained. Up to the time of the sale by Franklin to Glover, the plaintiffs, according to their own testimony, had done nothing by which they intended to divest themselves of the ownership of the property, and had allowed nothing to be done by the defendants which evidenced any right of possession or control in them. To constitute a delivery which will take a case out of the statute, the seller must place the property under the control of the purchaser so absolutely as to divest himself of all lien for the purchase money. And the buyer's acceptance must be so unequivocal and absolute as to deprive him of all right to object to either the quantity or quality (and I might add price) of the goods. *Shindler vs. Houston*, 1 Coms., 261; 2 Parsons on Con., 319–323; 2 Kent's Comm., 674–5, and cases cited. As to the sale by Franklin, counsel contended that Franklin never had any power except as clerk in the store,

and that power was at an end when the store was closed and the business of the firm suspended. Story on Part., 101 et seq., and 307 et seq. ; 3 Kent's Comm., sec. 43 and cases cited ; Dunlap's Paley, 186–7. Franklin's act was a fraud upon the defendants, and did not bind them unless indorsed by them, of which there was no evidence. 3. This was an express contract for the sale and delivery of a specific quantity of goods ; and, to entitle the plaintiffs to recover, they must show a fulfillment of the contract on their part, or a readiness and willingness to perform, with a tender of performance, or that they were prevented from performing by the act of the defendants. To this end it was essential to show that they had the shingles at the place from which they were to be drawn within the time. But it does not appear from the proofs that they could have furnished the shingles to be drawn, or were ready to have them inspected.

*J. D. Markham*, for respondents :

1. The only exception taken was to the refusal of a nonsuit. But where there is any evidence tending to sustain the material allegations of the complaint, it is not error to refuse a nonsuit. *Thompson vs. Dickerson*, 12 Barb., 108. 2. The defendants' testimony shows that they were not in a position to carry out the contract; and when a party refuses fully to execute a contract void by the statute, after having derived a benefit from a part performance, he must pay for what he has had. *Lockwood vs. Barnes*, 3 Hill, 128. 3. Having themselves supplied sufficient evidence to make out the plaintiffs' cause of action, the defendants cannot take advantage of a refusal to nonsuit for a deficiency of evidence. *Westlake vs. St. Lawrence Co. M. Ins. Co.*, 14 Barb., 206.

*By the Court,* PAINE, J. The only exception that appears in this case was to the refusal to grant a nonsuit. One ground of the motion was, that the contract proved was void by the statute of frauds. This could only be upon the ground that

it was a contract for the sale of goods of a greater value than fifty dollars. But the proof showed that these goods were delivered and actually sold to other parties by the agent of the defendants. Where part of the goods are accepted by the buyer, the case is expressly excepted by the statute itself.

There was no ground for the motion on the evidence. The proof showed the contract of sale, and a delivery of a large part of the shingles on the premises of the defendants in pursuance of it. There was nothing more to be done, in respect to those delivered, by the vendors, though the defendants had the right to have them inspected by their inspector, before they were obliged to accept them. But they might waive this right. And by selling them to other parties they did waive it, and accepted them beyond any possibility of refusal. Having done so, the plaintiffs could sustain an action for the price, although they were never inspected.

The proof certainly would warrant the jury in finding that Franklin, in making the sale, was the agent of the defendants.

The judgment is affirmed with costs.