WYLER, ACKERLAND & COMPANY V. E. ROTHSCHILD & BROS. ET AL.

FILED FEBRUARY 2, 1898. No. 7726.

1. **Statute of Frauds:** ORAL CONTRACT OF SALE. To take an oral contract for the sale of personal property of over $50 in value out of the statute of frauds, when no part of the purchase-money has been paid, delivery and acceptance of the property, or some portion thereof, by the vendee are necessary.

2. ————: ————: DELIVERY TO CARRIER. A delivery of goods, under a verbal contract of sale, to a common carrier for transportation, the receipt and acceptance of the goods by the purchaser at the place of destination, and the payment of the freight charges thereon, operate to take the contract out of the statute of frauds.

3. **Sale:** ACCEPTANCE OF GOODS. The execution and delivery of a chattel mortgage on goods by a vendee shortly after their receipt by him are such an assertion of ownership as will constitute an acceptance of the goods.

ERROR from the district court of Webster county. Tried below before BEALL, J. *Affirmed.*

*A. D. Ranney* and *J. S. Gilham,* for plaintiff in error.

*James McNeny, contra.*

NORVAL, J.

This was replevin for a lot of clothing. The verdict and judgment were against the plaintiffs. Wyler, Ackerland & Co., wholesale dealers in clothing, were the owners of goods in controversy. In the summer of 1893 they received through their traveling salesman an order, unsigned, from Louis Schumann, of Blue Hill, for a bill of clothing of the value of over $1,100, for fall delivery. In August of that year the goods replevied were shipped

by plaintiffs to Schumann at Blue Hill, who received the same, paid the freight charges thereon, and placed them in his store. His clerk, Mr. Lepin, opened one or more of the boxes, took out two suits of the clothing, one of which had been sent complimentary to Mr. Lepin, and then closed the boxes, as it was then too early to place the goods on the shelves for the winter trade. Three days after the receipt of the goods by Schumann he executed a mortgage to E. Rothschild & Bros. for $200 and another mortgage for $3,500 to State Bank of Blue Hill on the mortgagor's entire stock of goods and fixtures, "and all kinds of merchandise and chattels of every kind and description now contained and being in my clothing store in Blue Hill." These mortgages were given to secure *bona fide* debts, and when they were executed and delivered the clothing in controversy was in the store. Possession of the property was taken by mortgagees, whereupon plaintiffs instituted this suit.

The contention of plaintiffs is that the title to the replevied property had not passed to Schumann prior to the making of the mortgages, but that the clothing was shipped by the plaintiffs to the mortgagor subject to his approval, and that he never accepted the same. Edward Weinstein, plaintiffs' traveling salesman, who took the order for the clothing, testified that he sold Mr. Schumann the goods with the privilege of acceptance or refusal on their arrival at Blue Hill, and that the consignee declined to accept them. This is positively contradicted both by Mr. Schumann and Lepin, his clerk, and the conflict in the testimony was resolved by the jury against the contention of plaintiffs. Paying the freight on the goods, opening the boxes in which they were shipped and taking therefrom two suits of clothing, and the execution of the mortgages on the goods constituted a full and unqualified acceptance thereof by Mr. Schumann. That the order given for the clothing was unsigned by Schumann does not render the sale void under the statute of frauds, since there was a delivery and acceptance of the goods. (*Leg-*

*gett & Myer Tobacco Co. v. Collier*, 89 Ia. 144; *Sullivan v. Sullivan*, 70 Mich. 583.)

It is urged that the court erred in not permitting A. D. Ranney to testify that Mr. Schumann had informed witness he had not accepted the goods and had no intention of mortgaging them.   Mr. Schumann was not a party to this suit; therefore the testimony was admissible only for the purpose of impeachment, and the proper foundation was not laid for the introduction of the excluded testimony.

Complaint is made of the giving of the instruction following: "If the jury find from the evidence that Schumann did accept the goods in controversy, prior to making the mortgage, then you should find for defendant." It is urged that it requires more than the mere acceptance of goods to take the sale out of the statute of frauds.    It is true, delivery and acceptance both were indispensable. (*Powder River Live-Stock Co. v. Lamb*, 38 Neb. 339.)    The undisputed testimony shows that the clothing was delivered to Schumann; hence it was unnecessary for the court to submit to the jury the question of delivery of the goods.    There was no error in the two other instructions criticised by counsel.   The judgment is

AFFIRMED.