WILLIAM H. HARRISON, Respondent, *v.* ISABELLA SCOTT et al., as Executors of WALTER SCOTT, Deceased, Appellants.

Sale — when acceptance of machine by vendee question for a jury — when execution by vendee of chattel mortgage on machine before test not a waiver of right of inspection.

Defendant's testator sold a machine to plaintiff's assignor under a contract which provided that the price should be $8,000, and that settlement should be "made for same as follows: On the acceptance of this proposition you (the vendee) to pay us the sum of $3,000 cash, which amount will be returned to you if the machine does not prove satisfactory." Thereafter to secure his indorsement of certain notes and before the testing of the machine had been completed, the vendee executed a chattel mortgage on this and other property to plaintiff, who was the president of the vendee and who testified, among other things, that he was acquainted with the terms under which the company held the machine, and was present at a meeting of its board of directors and voted for a resolution authorizing the vice-president to execute the mortgage, that he knew that no test had been made, and subsequently requested the vendor to remove the machine on the ground that it was not satisfactory. At the sale under this mortgage

24

the interest sold was "the interest that the Arto-Litho Company (the vendee) has in this machine to the extent of $3,000. * * * The right, title and interest that was in there," the vendor at that time giving notice of its claim of title. At such sale a claim was made in its behalf that the title remained in the vendor. The machine was subsequently retaken by the vendor because of alleged default by the vendee in the performance of its contract. *Held*, that a jury would have had the right to determine that the mortgage was executed and accepted subject to the terms of the contract of sale and subject to the right of the mortgagor to complete its test and return the machine if it proved unsatisfactory, leaving the mortgagee in that case to recover under his mortgage, as the interest covered thereby, the payment which had been made, and that there was no intention on the part of the vendee to waive its right of inspection and accept the machine irrespective thereof.

*Harrison* v. *Scott*, 135 App. Div. 546, affirmed.

(Argued October 12, 1911; decided November 21, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1909, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles D. Ridgway* for appellants. The giving by the Arto-Litho Company of the chattel mortgage upon the press and other machinery, and obtaining thereon the sum of $10,000 to use in its business, allowing the mortgagee to take possession under this mortgage and selling the press at public auction to satisfy the indebtedness secured by the mortgage, was a waiver of all right under its contract to claim that the press was unsatisfactory. (*Morton* v. *Tibbett*, L. R. [15 Q. B.] 428; *Blenkinsop* v. *Clayton*, 7 Taunt. 597; Schouler on Pers. Prop. [3d ed.] § 407; *Browne* v. *Forbes*, 108 N. Y. 387; *Levison* v. *Seybold Machine Co.*, 22 Misc. Rep. 327; *Allen* v. *G. S. H. Co.*, 85 Hun, 537; *Kienle* v. *Klingman*, 24 Misc. Rep. 708; *Van Winkle* v. *Crowell*, 146 U. S. 42; *Houston* v. *Clark*, 62 Ill. App. 174;

*Wyler* v. *Rothschild*, 53 Neb. 566; *Hansen* v. *Bebee*, 111 Iowa, 534; *L. & M. T. Co.* v. *Collier*, 89 Iowa, 144.)

*Ross W. Lynn* for respondent. The giving of the chattel mortgage upon the press before the test, contemplated to be made, had been made, constituted no acceptance of the machine as a matter of law. (*Gurney* v. *A. & G. W. Ry. Co.*, 58 N. Y. 358; Benjamin on Sales [5th ed.], 752; *Osborne & Co.* v. *McQueen*, 67 Wis. 392; *Tompkins* v. *Lamb*, 121 App. Div. 366; 195 N. Y. 518; *Cassidy* v. *Horton*, 32 Misc. Rep. 148; *Bensler* v. *Locke*, 4 Misc. Rep. 486; *Cooke* v. *U. Mfg. Co.*, 57 Hun, 107; 138 N. Y. 610.)

HISCOCK, J. This action was brought by the respondent as assignee of the Arto-Litho Company, to recover $3,000 paid by the latter on the purchase price of a printing machine bought by it from appellants' testator. The action was based on the allegations that said machine proved unsatisfactory to the vendee and that, therefore, under the contract of sale it could be returned and said money recovered. The only question urged for our consideration on this appeal is the one springing out of the defense that after delivery to it of said machine the vendee executed a chattel mortgage thereon, and that this was such conclusive evidence of its acceptance as to preclude a return thereof and recovery of the moneys paid thereon.

The substantial facts by which the answer to the question thus presented is to be determined are as follows:

The appellants' testator sold the machine to respondent's assignor in January, 1907, under a contract which provided that the price of the machine should be $8,000, and that settlement should be "made for same as follows: On the acceptance of this proposition you (the vendee) to pay us the sum of $3,000 cash, which amount will be returned to you if the machine does not prove

satisfactory. * * * It is understood and agreed that the title to the above-mentioned property does not pass out of our possession until fully paid for. And in case of any default in any of the conditions herein named, we shall have the right to take immediate possession of the property." There was more or less delay in testing the machine, and correspondence between the parties relating thereto was passing as late as August 29, 1907. No claim seems to have been made on the trial that the vendee, as a matter of law, unreasonably delayed making this test, but on the evidence as now presented to us this claim, if made, could not have been sustained.

July 25, 1907, the vendee executed to respondent a chattel mortgage on various property, including this press, as security for his indorsement of certain notes. Respondent was the president of the vendee, and, in addition to the presumption which would prevail that he was acquainted with the terms of the purchase of said machine and with the fact that a test thereof had not been completed, he testified specifically that he was so acquainted with the terms under which the company held the machine; that the vendor had title to it until it was paid for; that no test of the machine had been made; that he was present at a meeting of the board of directors, and voted for a resolution authorizing the vice-president to execute the mortgage. On two occasions subsequent to the execution thereof he wrote a letter requesting the vendor to remove the press on the ground that it was not satisfactory and to refund the $3,000. The notice of sale under this mortgage which the mortgagee caused to be given was of "the right, title and interest of the Arto-Litho Company in and to" the press in question, and at the sale it was stated that the only interest which would be sold was "the interest that the Arto-Litho Company has in this machine to the extent of $3,000. * * * The right, title and interest that was in there." In addition, a representative of the vendor was present and

"made a protest against the sale on the ground that the title to the machine still remained in the Walter Scott & Co." The machine was subsequently retaken by the vendor because of alleged default by the vendee in the performance of its contract.

On evidence of these facts and some others of less importance the learned trial justice dismissed plaintiff's complaint on the ground that his assignor had accepted the press, the theory of course being that the execution by the vendee of the chattel mortgage was such an assertion of absolute ownership as to be utterly and conclusively inconsistent with the idea that it still retained the machine on trial with power to return and recover the money paid on it.

In this determination I think he erred, and that the learned Appellate Division was correct in reversing the judgment.

It will be assumed without discussion for the purposes of this case that the execution under ordinary circumstances by the vendee of a mortgage on personal property subject to inspection to a *bona fide* mortgagee for value would be conclusive evidence of an acceptance. This conclusion would not be altered by the fact that it was executed before inspection or testing because a vendee might if he chose waive such rights and elect to take the machine independent thereof. The fact that an examination had not been completed might be one to be considered with others in a proper case as indicating lack of intention on the part of the vendee to make an acceptance of the article in question. In such a case as is suggested between the alternative that the vendee was unlawfully mortgaging property which he did not own, and the other one that he intended to accept the property and become qualified to execute a mortgage, the law certainly ought to adopt the latter one.

But the facts in this case as bearing on the intent of the vendee may be clearly and widely distinguished from

those which have been assumed. The mortgagor had a right to test the machine and return it if not satisfactory and recover the payment made thereon, and until the entire purchase price was paid the title expressly remained in the vendor. This process of testing was still incomplete at the time the mortgage was executed. The mortgagee was the president of the mortgagor and knew that at the time the instrument was executed no satisfactory test had been secured and that inspection was still being continued for the purpose of determining whether the machine was satisfactory, and he voted to have the mortgage executed under these circumstances. As further indicative of the intent with which the instrument was executed and accepted by the respective parties, the tests were continued after its execution, as might be found, by and with the participation and consent of the mortgagee, and he it was who finally notified the vendor that they had proved unsatisfactory and that the machine must be retaken and the money returned. Still further, as giving character to the acts of the parties in executing the mortgage, the mortgage, only purported to offer on the sale under it the right and interest of the mortgagee, namely, the right to recover the three thousand dollars which had been paid.

From all these facts and possibly some others which have not been stated I think that the jury would have had the right to determine that the mortgage was executed and accepted subject to the terms of the contract and subject to the right of the mortgagor to complete its test and return the machine if it proved unsatisfactory, leaving the mortgagee in that case to recover under his mortgage as the interest covered thereby the payment which had been made; that there was no intention on the part of the vendee to waive its right of inspection and accept the press irrespective thereof. And this independent of the question whether the vendee under the contract of sale could acquire title until full payment

of the purchase price. Certainly, if there had been inserted in the instrument a provision to the effect that the mortgagor had not completed its test of the machine, but reserved the right so to do, and return it and recover back its payment if the same proved unsatisfactory, the mortgage in that case covering the money to be recovered, nobody would say that as a matter of law the execution of the mortgage amounted to an acceptance of the machine. I think that the facts which a jury would have been permitted to find as surrounding the transaction would have justified the conclusion that this was the very understanding which did exist between the parties. It may be possible that as between the mortgagor and the mortgagee, this evidence could not have been introduced as varying the terms of the instrument. But in this case between one of the parties and a third party involving merely the question of intent with which an act was performed the evidence was competent and as I have indicated justified the conclusion in favor of respondent's right to recover. The act of mortgaging, certainly viewed in the light of this evidence, was not as a matter of law inconsistent with an intent to hold the machine on trial and subject to examination and, therefore, it did not come within the rule which makes inconsistent acts of that general character conclusive evidence of acceptance.

These conclusions are not at variance but rather in harmony with the rules laid down by the text writers and established by various decisions.

Mechem on Sales (section 1387) says: "The buyer may also manifest an acceptance by dealing with the goods in a manner inconsistent with an intention to reject them. Selling them as his own, giving a chattel mortgage upon them, * * * and the like, have been held to be acts so far indicative of ownership, and only to be justified by it, as to be inconsistent with the position that the ownership was still in the seller by reason of non-acceptance."

Williston on Sales (Section 77) says: "If he (the buyer) assents to take specific goods as his there seems to be no reason to doubt that he has accepted them within the terms of the statute (of frauds). If, therefore, he does an act in relation to specified goods which necessarily involves the conclusion that he has taken them as owner there is an acceptance. * * * So mortgaging the goods implies acceptance."

In *Leggett & Meyer Tobacco Co.* v. *Collier* (89 Iowa, 144) the question was raised whether the title to goods delivered under an order which had been countermanded had vested in the vendee. This question arose between the vendors and the mortgagee under a trust mortgage for creditors. It was held that the execution by the vendee of the mortgage on the property in connection with other circumstances established an acceptance of the goods as matter of law. The court said: "We think that the evidence shows an acceptance of the tobacco. When the tobacco came to the store the shipping clerk of the firm was aware of the fact and knew that the order for it had been countermanded. The firm with knowledge that the tobacco had been delivered took no steps to return the same but the next day exercised an unequivocal act of ownership over it by mortgaging it to the trustee If the defendant firm did not consider it their property, if they had not accepted it, why did they mortgage it? They undertook to make a disposition of it absolutely inconsistent with any claim that they had not accepted the property."

In like manner it was held that a sale or mortgage of property by a vendee was evidence of acceptance, apparently in some of the instances for the consideration of a jury, in each of the following cases: *Marshall* v. *Ferguson* (23 Cal. 66); *Hill* v. *McDonald* (17 Wis. 97); *Weyler* v. *Rothschild & Bros.* (53 Neb. 566); *Phillips* v. *Ocmulgee Mills* (55 Ga. 633).

An examination of all of these authorities, however,

shows that the facts widely and strongly differed from those now presented to us as indicating a deliberate intention to deal with the property in a manner consistent only with an unqualified ownership which necessarily implied acceptance, and thereby they make it apparent that the facts in this case fall short of warranting the application of the rule which was made the basis for the dismissal of plaintiff's complaint.

On the other hand, it has been written by text writers and held by the courts that various acts by a vendee, quite as indicative of an intent to assume ownership over property as those described here, did not establish acceptance conclusively as matter of law but constituted evidence from which a jury might find such acceptance as matter of fact.

Benjamin on Sales (p. 752, 5th ed.) writes: "The two preceding cases show that a resale by the buyer after he has had an opportunity of exercising an option either of accepting or of rejecting the goods delivered is an acceptance, for by reselling he is presumed to have determined his election. Accordingly a resale will not necessarily be an acceptance, for the facts may show that no such determination of an election can be presumed, as where the buyer resells before he has had an opportunity of examining the goods."

When a person who has contracted for the purchase of goods offers to resell them as his own it is a question for the jury whether this is proof of a delivery to him. (*Blenkinsop* v. *Clayton*, 7 Taunt. 597.)

In *Morton* v. *Tibbett* (15 A. & E. [N. S.] 428) it appeared in an action of debt for goods sold and delivered that the defendant purchased wheat of plaintiff by sample and directed that the bulk should be delivered on the next morning to a carrier named by himself who was to convey it to market, and defendant himself took the sample away with him. On the following morning the wheat was delivered to the carrier and the defendant

resold it on that day by the same sample. The carrier conveyed the wheat by order of the defendant who had never seen it to the sub-vendee who rejected it as not corresponding to the sample and the defendant on notice of this repudiated his contract with the plaintiff on the same ground. Under these circumstances it was held that it was for the jury to determine from the evidence whether there had been an acceptance, an actual receipt by the defendant within the Statute of Frauds. Lord CAMPBELL delivered the opinion to this effect after a review of many authorities.

In *Osborne & Co.* v. *McQueen* (67 Wis. 392) a controversy was presented between the vendor and vendee of a harvester and the question of acceptance by the latter arose. It appeared that there was dissatisfaction by the vendee with the machine and attempts by the vendor to remedy the same and that while these were in progress the vendee mortgaged the machine. The mortgage, however, was released about the same time the vendee notified the vendor to take back the machine and some time before the action was commenced, and it was held and written that the mortgage " cut no figure as evidence of the acceptance of the machine in its then condition, or of a waiver of the conditions of the warranty. The defendant was then waiting for the plaintiff to repair the machine, and had notified it to do so or to take it back."

*Jones* v. *Reynolds* (120 N. Y. 213) was an action to recover on an alleged sale by plaintiff to defendant of a patented device for shoe lasts. One of the questions involved was whether the defendant had made use of the invention and in that connection it appeared that he had received from the plaintiff a model of the device and thereafter had applied for and obtained a patent for a combination of the several elements or parts of a model shoe last which included the device sold him by the plaintiff. It was claimed by the latter that this act amounted

to a use of the invention. In discussing this claim and reaching the conclusion that simply a question of fact was presented, Judge PARKER, in behalf of the court, wrote:

"It is insisted that inasmuch as the contract was not 'made in writing' it is void, because the defendant did not 'accept and receive' the thing sold. * * * It will be observed that the plaintiff did not undertake to procure or sell a patent. He sold the device merely. * * * And the plaintiff, at the time, made the only delivery possible of the thing sold. He delivered to defendant a model of the invention. * * * As no part of the purchase money was paid, the question presented is, whether the defendant accepted and received the thing sold so as to take the contract out of the statute. The act of acceptance is something over and beyond the agreement of which it is a part performance and which it assumes as already existing. It is a fact to be proven as are other facts. Acts of ownership constitute strong evidence of acceptance. * * * If a vendee does any act with reference to the thing sold, of wrong if not the owner, or of right if he is the owner, it is evidence that he has accepted it. * * * The rule may be broadly stated, that any act from which it may be inferred that the buyer has taken possession as owner presents a question for the jury to determine whether the act was done with intent to accept." (p. 216.)

In accordance with these views I recommend that the order and judgment appealed from be affirmed and judgment absolute ordered against appellants on their stipulation, with costs in all courts.

VANN, CHASE and COLLIN, JJ., concur; CULLEN, Ch. J., and WERNER, J., concur in result; WILLARD BARTLETT, J., not voting.

Order affirmed, etc.