Argued October 2, affirmed November 18, 1924.

# SIG. C. MAYER & CO. v. J. R. SMITH.

(230 Pac. 355.)

**Appeal and Error—Verdict Supported by Material Evidence cannot be Set Aside.**

1. Verdict supported by material evidence cannot be set aside on appeal, in absence of material error, under Article VII, Section 3c, of the Constitution.

**Pleading—Counterclaim not Moved Against or Demurred to Construed Most Favorably to Defendant on Appeal.**

2. Counterclaim not moved against, or demurred to, will be construed most favorably to defendant on appeal.

**Sales—Counterclaim for Damages for Delivery of Improper Articles Held Good.**

3. In action for price of cigars delivered, counterclaim for damages because wrong cigars were delivered to defendant wholesaler and resold by him *held* good pleading.

**Evidence—Contract of Sale as Evidenced by Telegrams Held Ambiguous, Warranting Explanation by Parol.**

4. Telegrams constituting sale of cigars *held* ambiguous, warranting admission of oral testimony to explain contract.

**Sales—Acceptance of Cigars by Wholesaler Held not to Preclude Rescission for Failure to Pack and Brand as Described in Contract.**

5. Purchaser of cigars, a wholesaler, was not precluded from rescinding for failure to properly pack and brand cigars because he accepted, paid for and sold part of them, where it rescinded on first discovering goods were not as described in order, under Sections 8177, 8211, 8230, Or. L.

**Sales—Whether Buyer Entitled to Rescind, After Acceptance, Payment and Resale of Part of Cigars, Held for Jury.**

6. Whether wholesaler purchasing cigars on installments was entitled to rescind after having accepted, paid for and resold part, *held* for jury, under Sections 8177, 8211, 8230, Or. L., and Section 8208, subdivision 2.

**Trial—Instructions not Within Pleadings Properly Refused.**

7. Instructions not within pleadings were properly refused.

**Trial—Instructions Covered by Given Instructions Properly Refused.**

8. Court properly refused to give instructions covered by given instructions.

---

4. Parol evidence to add to or vary writing, see note in 56 Am. St. Rep. 659.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

AFFIRMED.

This is an appeal from a judgment rendered on a verdict in favor of the defendant who is respondent and against the plaintiff the appellant. The action was instituted to collect the sum of $2,135 owing to the plaintiff from the defendant. The answer denies the indebtedness and alleges a counterclaim amounting to $6,663.74. The counterclaim arose out of dealings between the plaintiff and defendant wherein the defendant claimed that the plaintiff had violated a contract for the purchase by the defendant from the plaintiff of 250,000 cigars, by misbranding the cigars. According to the contention of the defendant, the cigars were to have been packed either loose in boxes with 15 on the top and marked "3 for 20 cents" or "3 in foil" with the boxes marked "3 for 20 cents." The cigars actually delivered and shipped were either loose according to the arrangement, or were wrapped "2 in foil" and all of the boxes were marked "2 for 15 cents." The defendant is a wholesale dealer in cigars and did not discover that the boxes were so misbranded and those wrapped in foil were not according to the order until after part of them had been sold. The defendant claims that as soon as he discovered the mistake he rescinded the order. The defendant paid for the cigars before he discovered the mistake. The reply challenges the allegations of the affirmative defense and alleges that the orders given to the plaintiff by the defendant were from time to time modified and changed by the defendant with the acquiescence of the plaintiff; that the cigars actually shipped to the defendant by the plaintiff

were shipped in accordance with the orders actually received; that the cigars as shipped were accepted without reservation by the defendant; and that the defendant, by reason of having sold a large quantity of cigars already shipped and having paid for them, waived any right he may have had for rescinding the sale and recovering the purchase price.

At the trial the defendant admitted the indebtedness alleged in the complaint and the issues tried were upon the allegations and denials in the affirmative answer and the reply. The verdict was for the difference between the amount claimed by the plaintiff and admitted by the defendant and the counterclaim alleged by the defendant.

The errors assigned are the court's ruling admitting the evidence in support of the counterclaim because the counterclaim, as pleaded, "did not present a cause of action"; the court's refusal to direct a verdict for the plaintiff, and the court's refusal to give certain instructions requested by the plaintiff. No exceptions were taken to the instructions given.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Sidney Teiser* and *Mr. W. G. Keller,* with an oral argument by *Mr. Teiser.*

For respondent there was a brief over the names of *Mr. Wilbur E. Henderson* and *Mr. Henry E. Mc-Ginn,* with an oral argument by *Mr. Henderson.*

COSHOW, J.—1. The issues having been tried and submitted to the jury, if there is any material evidence supporting the verdict this court is without authority to set aside the verdict unless material error was committed in the admission of testimony,

or in refusing to give the instructions requested by the plaintiff. Article VII, Section 3c, State Constitution.

2, 3. The counterclaim of the defendant was not moved against or demurred to. It will be construed most favorably to the defendant. So construed, it clearly states a good counterclaim. There was sufficient evidence of the counterclaim to carry the case to the jury.

The principal contention of the plaintiff is that the contract relied upon by the parties was in writing. Plaintiff's contention is that the contract was made by the following telegrams:

Smith to Mayer, December 3, 1919:

"Will you book our order for five hundred thousand El Wadora, thirteen top loose banded at thirty-nine fifty a thousand and ship one hundred thousand a month. This would help us to start the cigar again and price we can make to retailer on this packing will help. Wire."

Marshall to Smith, December 16, 1919:

"After a hard battle with Mayer, succeeded in getting you allowance seventy-five cents thousand freight and I will give you fifty cents thousand on Wadoras. It looks as though all factories will make further advances. Sincerely advise you to reinstate Wadora order to protect yourself. You will later on find out my tip a good one."

Smith to Marshall, December 17, 1919:

"Replying to your wire sixteenth. You may book our order for five hundred thousand El Wadora foil to be shipped one hundred thousand a month after balance of original order is shipped. With this protection and price we will try our best to make El Wadora sell again here."

4. It will be readily seen that the contract claimed to have been framed by these three telegrams is ambiguous. The evidence offered by the defendant was not for the purpose of changing the alleged contract, but for the purpose of making intelligible its terms. Another reason why oral testimony is admissible: It appears that the plaintiff did not deliver the cigars according to the alleged contract, but delivered comparatively few of them. It was well known that the defendant was a wholesale dealer in cigars. Owing to the failure of the plaintiff to deliver the cigars as ordered, that is, 100,000 of them per month, the defendant bought other cigars in order to hold his trade. Thereupon, the defendant requested the plaintiff to discontinue the El Wadoras until further instructions from him. Later, an arrangement was made orally between the defendant and Marshall, the agent of the plaintiff on the Pacific Coast, whereby the original order was modified by providing for the delivery of 250,000 of the El Wadora cigars in addition to the quantity that had been theretofore delivered under the original order. The cigars, thereafter delivered in compliance with the modification of the original contract, were not packed or marked as agreed upon according to the contention of the defendant. No argument or authorities are necessary for upholding the ruling of the Circuit Court admitting oral testimony in order to ascertain the contract between the plaintiff and the defendant. No other evidence was available.

5. It is earnestly contended by the plaintiff, however, that the defendant having sold a part of the cigars, and having paid for all of them prior to discovering that the cigars were not packed or branded as described in the contract, defendant's only remedy

was for damages; for he, in view of having accepted the delivery of the cigars and exercised control over them inconsistent with the ownership of the plaintiff, was precluded from rescinding the contract. Plaintiff cites, in support of this contention, Section 8211, Or. L., and other authorities.

This contention presents to the court the liability of the seller and buyer in mercantile transactions. These transactions have been a fruitful source of litigation, and there is apparently at least a great conflict and confusion of the authorities.

The principles involved in this litigation are completely and thoroughly discussed in an extensive note in the case of *Springfield Shingle Co.* v. *Edgecomb Mill Co.,* 52 Wash. 620 (101 Pac. 233, 35 L. R. A. (N. S.) 258). See, also, 2 Mechem on Sales, 1193, § 1380; *Waehber* v. *Talbot,* 167 N. Y. 48 (60 N. E. 288, 82 Am. St. Rep. 712); *Pierson* v. *Crooks,* 115 N. Y. 539 (22 N. E. 349, 12 Am. St. Rep. 831); *Lewiston Milling Co.* v. *Cardiff,* 266 Fed. 753, 764; *Reed* v. *Randall,* 29 N. Y. 358 (86 Am. Dec. 305, 308, and note, p. 314); *Hills* v. *McDonald,* 17 Wis. 100; *Meyer* v. *Everett Pulp & Paper Co.,* 193 Fed. 857 (113 C. C. A. 643); *Neal, Clark & Neal Co.* v. *Tarby,* 99 Misc. Rep. 380 (163 N. Y. Supp. 675); *Harrison* v. *Scott,* 203 N. Y. 369 (96 N. E. 755, 38 L. R. A. (N. S.) 1036, and note, pp. 1037–1039; *McClure* v. *Central Trust Co.* 165 N. Y. 108 (68 N. E. 777, 53 L. R. A. 153, cited in note in 35 L. R. A. (N. S.) 266); *Morse* v. *Union Stock Yard Co.,* 21 Or. 289 (28 Pac. 2, 14 L. R. A. 157); *Lenz* v. *Blake,* 44 Or. 569, 574 (76 Pac. 356); *Austin Co.* v. *Tillman Co.,* 104 Or. 541, 580 (209 Pac. 131, 30 A. L. R. 293).

In 1919 the legislature of this state adopted the Uniform Sales Act, which is controlling in this state

over this litigation: Title XLIII, Chapter XII of our Code.

It must be conceded that the sale of these cigars was made by description.

Section 8177, Or. L., is as follows:

"Where there is a contract to sell or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description, and if the contract or sale be by sample, as well as by description, it is not sufficient that the bulk of the goods corresponds with the sample if the goods do not also correspond with the description."

Section 8230, Or. L., provides as follows:

"(1) Where there is a breach of warranty by the seller, the buyer may, at his election: * * (d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price of any part thereof which has been paid." * *

"(4) Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods. If the price or any part thereof has already been paid, the seller shall be liable to re-pay so much thereof as has been paid, concurrently with the return of the goods, or immediately after an offer to return the goods in exchange for re-payment of the price.

"(5) Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the re-payment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section 8215 (2)."

6. The plaintiff contends that the goods were retained by the defendant for six months after he had discovered that the goods delivered were not as described in the contract of sale. This was disputed by the defendant, who contends that he immediately rescinded the sale on discovering that the goods were not as described in his order. This, and the other contentions between the parties, were largely questions of fact, and were properly submitted to and determined by the jury in its verdict.

The cigars purchased by the defendant from the plaintiff were to be delivered in installments. In that regard, the instant case is distinguished from the case of *Meyer v. Everett Pulp & Paper Co.*, 193 Fed. 857 (113 C. C. A. 643).

Section 8208, subdivision 2, Or. L., reads as follows:

"Where there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and the seller makes defective deliveries in respect to one or more installments, or the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract and the circumstances of the case, whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for damages for breach of the entire contract; or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken."

Under the pleadings and circumstances of the instant case, it was for the jury to determine whether or not the defendant was entitled to rescind the contract, as modified by the oral agreement between the parties, and return the unsold portion of the cigars.

It would be manifestly unjust for a seller, after supplying a part of the goods to be delivered in installments as ordered, to change the articles agreed to be sold, or to depart from the order and deliver goods not answering the description in the original contract, and compel the defendant to accept goods not ordered by him, because the buyer had sold part of the goods without knowing of the change. This would open wide the door to fraud. It appears from the undisputed evidence that the defendant had been purchasing cigars of a particular description for almost a year. All the cigars delivered to the defendant by the plaintiff, prior to the modification of the contract, were according to the description of the cigars ordered. The defendant had no notice that the plaintiff intended to deliver cigars of a different description. When the cigars began to be delivered, under the modified contract, the defendant had cigars in stock delivered under the old contract. He sold from this stock and did not discover the change in the description of the cigars until some of his customers complained to him. Thereupon, he took the matter up with the agent of the plaintiff, rescinded the sale, and notified the plaintiff that he would hold the cigars that were unsold for the plaintiff. This conduct was clearly authorized by Section 8230, subdivision 5, Or. L., quoted above.

The sale of a part of the cigars by the defendant was for the benefit of the plaintiff. The defendant did not refuse to pay for the cigars so sold, nor did he ask any damage on account of any loss he might have sustained thereby. In addition to cases and authorities cited above see: 23 R. C. L. 1436, 1439, §§ 259, 263; 24 R. C. L. 294, § 577; *Bagnall* v. *Frank Fehr Brewing Co.*, 203 Mo. App. 635 (221 S. W. 793);

*Bunch* v. *Weil*, 72 Ark. 343 (80 S. W. 582, 65 L. R. A. 80). Plaintiff cannot therefore complain of the sale of a part of the cigars by the defendant. The same rule applies to the cigars that were sold afterwards by the defendant. These cigars were sold by the defendant at the request of the plaintiff and for the plaintiff's benefit.

7, 8. The other errors assigned on appeal relate to certain instructions requested by the plaintiff and refused to be given by the court. Suffice it to say, that instructions numbered 5 and 5½ were not within the pleadings. This alone is sufficient reason for the court's refusal to give them. In addition to that, we might truthfully say that the requested instructions in effect required the court to state, that if the plaintiff offered to make certain changes and substitutions, the defendant was bound to accept them. This would be tantamount to compelling the defendant to submit to a modification of the contract without his consent. The other instructions requested by the plaintiff were sufficiently covered by the instructions of the court. For these reasons the judgment of the Circuit Court is affirmed.        AFFIRMED.

BEAN, BURNETT and BROWN, JJ., concur.