### ISBELL–PORTER CO. v. HEINEMAN.

(Supreme Court, Appellate Division, First Department.   June 5, 1908.)

1. SALES—ACTION FOR PRICE—NATURE OF ACTION.
      A complaint for the price of machinery, alleging that machinery in-
   stalled by plaintiff did not meet the requirements of the contract, and
   that defendant accepted the one which was in fact installed, and there-
   by became indebted for its value, for which judgment was demanded,
   was clearly on quantum meruit.

2. APPEAL AND ERROR—DECISION ON APPEAL—EFFECT IN LOWER COURT.
      Where the Appellate Division has decided that a complaint is on
   quantum meruit, it is the duty of the trial court to follow such decision.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Er-
   ror, § 4661.]

3. SALES—ACTION FOR PRICE—QUESTION FOR JURY—ACCEPTANCE.
      In an action on quantum meruit for the price of machinery, where
   the testimony was conflicting as to whether defendant accepted the ma-
   chinery, the case should have been submitted to the jury.

4. SAME—VALUE.

    In an action on quantum meruit for the price of machinery, *held* that, under the evidence, the question of value of the machinery was for the jury. .

5. SAME—EVIDENCE—VALUE.

    In an action on quantum meruit for the price of machinery delivered, and alleged to have been accepted in place of one contracted for, evidence as to the difference in value between the machine contracted for and the one installed was inadmissible for the purpose of showing the value of the machine alleged to have been accepted.

Appeal from Trial Term, New York County.

Action by the Isbell-Porter Company against Isaac Heineman. From a judgment for plaintiff on a directed verdict, and from an order denying a motion for a new trial, defendant appeals. Reversed.

See 113 App. Div. 79, 98 N. Y. Supp. 1018.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Jesse L. Epstein, for appellant.
J. E. Whiting, for respondent.

. HOUGHTON, J. The plaintiff's complaint was before this court on demurrer to certain defenses set up by the defendant, and we held that the action was on quantum meruit to recover the value of a certain ice plant installed and alleged to have been accepted and used by defendant. 113 App. Div. 79, 98 N. Y. Supp. 1018. The trial court ruled that the complaint was not on quantum meruit, but upon the original contract entered into between plaintiff and defendant, and held that the defendant had conclusively accepted a machine concededly of less value than the one contracted for, and directed a verdict for plaintiff against the protest of defendant that even upon that theory there were questions of fact for the jury.

Although the making of the original contract is set forth in the complaint, it is alleged by the plaintiff that the ice plant installed did not meet the requirements of the contract, and the final conclusion of the pleading is that the defendant accepted the one which was in fact installed and thereby became indebted for its value, for which sum judgment is demanded. The complaint is clearly on quantum meruit, but whether it is or not, this court having so held, the trial court should have followed our decision. The defendant denied that he ever agreed to accept the machine installed, and testified that he requested plaintiff to remove it from his premises. The plaintiff produced evidence to the effect that defendant had accepted it, and hence was liable to pay for it. A question of fact was thus made for the jury, and not for the court, and it was error to refuse to submit that question to them.

Nor was it proper to refuse to submit to the jury the question of the value of the plant installed. It is true that defendant had given no expert evidence of its value, but he had shown facts from which it might be inferred that the cost of running was excessive, and witnesses had testified that economy in running such a machine affected its value.

The court was also in error in permitting the plaintiff to prove the difference in value between the machine contracted for and the machine installed. Such proof was not a proper method of ascertaining the value of the machine which defendant accepted, if he did accept it. The contract price of the other machine was no guide for determining the value of the one furnished, and evidence from such comparison was improper. The plaintiff has sued for the value of an ice machine and plant which it claims the defendant accepted in place of the one which it contracted to furnish to him. The value of the machine and plant installed can be proved by witnesses familiar with the market price. If the defendant by word or action accepted the machine which plaintiff furnished in place of the one which was agreed upon, he should pay its fair value. Whether he accepted it or not and its value are both questions to be determined by a jury, and not by the court, in the form of a direction of verdict.

The judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.