WILLIAM E. WHITE, Appellant, *v.* NATHAN SCHWEITZER et al., Respondents.

Sale — what constitutes a purchaser's acceptance of goods shipped to him in pursuance of a contract of sale — what purchaser must do to reject goods if they do not conform to the contract — when question of acceptance by purchaser one of fact to be determined by a jury.

1. Whether a purchaser's retention, sale or disposition of property constitutes an acceptance must be determined, as a general rule, as a question of fact. If the article purchased is not in accordance with the contract, then the purchaser must, upon discovering that fact, do nothing inconsistent with the vendor's ownership.

2. Mere complaint by the vendee that the goods do not come up to the contract does not amount to a rejection. If the goods received do not conform to the contract, as to quality or kind, the purchaser must, as a general rule, within a reasonable time after such facts have been ascertained, return or offer to return them. In case the goods are in such condition that they must be speedily disposed of or else there will be a total loss, then there is an exception which permits the purchaser to dispose of them, but this exception only

applies when the seller cannot be communicated with and instructions from him quickly obtained.

3. Defendants purchased from plaintiff's assignor a carload of turkeys to be, as found by the jury, " dry picked." When the car arrived it was discovered that the turkeys had been " scalded " instead of " dry picked " and that they were in bad condition. Defendants at once wired plaintiff's assignor stating these facts and asked instructions. Later they again wired " Have turned car over to house that can sell such stuff." Neither telegram was answered by plaintiff's assignor although both were received by it. Defendants also wrote the vendor saying in substance that in the event of any deficiency in the sale, they would expect the vendor to make good. *Held,* that it was error for the trial court to charge that there was no evidence upon which the jury could find that the defendants accepted the turkeys, and also erred in instructing the jury that they must find a verdict for the defendants if the contract was for dry picked turkeys, since such instruction also withdrew from the jury the question of an acceptance.

*White* v. *Schweitzer,* 163 App. Div. 898, reversed.

(Argued November 2, 1917; decided November 13, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 7, 1914, affirming a judgment in favor of defendants entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hartwell Cabell* for appellant. The trial court erred in charging the jury that as a matter of law there was no evidence upon which it could find that the defendants accepted the turkeys. (*Norton* v. *Dreyfuss,* 106 N. Y. 90; *Isbell-Porter Co.* v. *Heineman,* 126 App. Div. 713; Williston on Sales, § 483; *Brown* v. *Foster,* 108 N. Y. 387; *Levison* v. *Seybold Mach. Co.,* 22 Misc. Rep. 327; *Kienle* v. *Klingman,* 24 Misc. Rep. 708; *Burrowes* v. *Rapid Safety Co.,* 97 N. Y. Supp. 1048; *Mason* v. *Smith,* 130 N. Y. 474; *Duluth Log Co.* v. *Hill Lumber Co.,* 110 Minn. 124; *Hitchcock* v. *Griffin-Skelly Co.,* 99 Mich.

447.) The court erred in charging the jury that if they found that the plaintiff sold to the defendants dry picked turkeys then they must find a verdict for the defendants. (*Burrowes* v. *Rapid Safety Co.*, 97 N. Y. Supp. 1048; *Mason* v. *Smith*, 130 N. Y. 474; *Littlejohn* v. *Shaw*, 159 N. Y. 188.)

*Max D. Steuer* for respondents. A vendee of perishable goods arriving from a distant state in a decaying condition may become, for the purpose of sale thereof, the agent of the vendor, *ex necessitate rei*, particularly when the vendee has paid the freight charges and has advanced to the vendor $1,000 on account of the purchase price. (2 Corpus Juris, 460, § 67; *Sands* v. *Taylor*, 5 Johns. 393; *Buch* v. *Levy*, 18 J. & S. 519; *Straus* v. *Nat. Parlor Furniture Co.*, 76 Miss. 343; *Descalzi* v. *Sweet*, 75 Atl. Rep. 308; *Hitchcock* v. *Griffin-Skelly Co.*, 99 Mich. 447; *Jones* v. *Bloomgarden*, 143 Mich. 326; *Rubin* v. *Sturtevant*, 80 Fed. Rep. 930; *Little Rock Grain Co.* v. *Brubaker*, 89 Mo. App. 1; *Youghiogheney Iron & Coal Co.* v. *Smith*, 66 Penn. St. 340; *Columbian Iron Works* v. *Douglas*, 84 Md. 44.) A non-committal vendor of decaying poultry is entitled to no more notice of a proposed resale for his account by the vendee than the exigencies of the case permit. (Benj. on Sales [5th ed.], 950; *Ullman* v. *Kent*, 60 Ill. 271; *Van Brocklen* v. *Smeallie*, 140 N. Y. 70; *Lewis* v. *Greider*, 49 Barb. 606; 51 N. Y. 231; *Mann* v. *National Linseed Oil Co.*, 94 Hun, 558; *Brown* v. *Nelson*, 66 Vt. 660.)

McLAUGHLIN, J. The action was brought to recover the purchase price of a carload of turkeys shipped by plaintiff's assignor, the Keystone Commercial Company, from Maysville, Ky., to the defendants in New York city. They were shipped on November 17th and arrived November 23, 1908. There was a dispute between the parties as to the terms of sale, that is, whether the turkeys were to

be "dry picked" or "scalded." Those shipped were scalded and the verdict has settled the disputed question in favor of the defendants. When the car arrived in which the shipment was made the turkeys were examined by defendants and it was then discovered they were scalded instead of dry picked, and also that they were in bad condition. About half-past seven o'clock in the morning of that day the defendants wired plaintiff's assignor at Maysville: "Your car arrived scalded instead of dry picked. Stock sticky and cannot use it. Wire instructions." About two hours later on the same day, not having received an answer to the first telegram, they sent another, saying: "Having railroad inspector examine car. Will put in claim for you. Have turned car over to house that can sell such stuff." Both telegrams were delivered to plaintiff's assignor at the same time and neither of them was answered. At the time the second telegram was sent defendants delivered the turkeys to commission merchants for sale and the same were on that day sold for $729.69, which sum was subsequently tendered to the plaintiff's assignor and by it refused. At the time the turkeys were delivered to the commission merchants, one of the defendants wrote plaintiff's assignor, confirming the telegrams, and saying among other things: "I do not know just how I will make out with the sale of these goods, but in the event of any deficiency I will expect you to make good."

The principal question presented upon the appeal is whether the trial court erred in charging the jury, to which an exception was taken, that there was no evidence upon which it could find that the defendants accepted the turkeys. I am of the opinion the exception was well taken. (*Harrison* v. *Scott*, 203 N. Y. 369; *Norton* v. *Dreyfuss*, 106 N. Y. 90; *Isbell-Porter Co.* v. *Heineman*, 126 App. Div. 713.) It is not at all times easy to determine whether a purchaser's retention, sale or disposition

of property constitutes an acceptance, but as a general rule it must be determined as a question of fact. (Burdick on Sales [3d ed.], 155.) It may be and usually is indicated by exercising acts of ownership, *e. g.*, where one resells the goods, as such action would be improper except on the assumption that the buyer had acquired title; that necessarily indicates an assent on the part of the buyer to become the owner. (Williston on Sales, sec. 483.) If the article purchased is not in accordance with the contract, then the purchaser must, upon discovering that fact, do nothing inconsistent with the vendor's ownership. (*Brown* v. *Foster,* 108 N. Y. 387; *Duluth Log Co.* v. *Hill Lumber Co.,* 110 Minn. 124.) So, it has been held that an acceptance is made out by action of the vendee in insuring the goods or offering to mortgage them (*Georgia Refining Co.* v. *Augusta Oil Co.,* 74 Ga. 497), or by loaning them (*Hensen* v. *Beebe,* 111 Iowa, 534), or by directing an agent to sell them (*Brown* v. *Nelson,* 66 Vt. 660), or, while disclaiming a purchase, permitting a third person to select and retain a portion of the goods upon his promise to account to the seller for them. (*Bartholomae & Co.* v. *Paull,* 18 W. Va. 771.) Mere complaint by the vendee that the goods do not come up to the contract does not amount to a rejection. Something more is required. If the goods received do not conform to the contract as to quality or kind, the purchaser must, as a general rule, within a reasonable time after such facts have been ascertained, return or offer to return them. (*Mason* v. *Smith,* 130 N. Y. 474.) In case the goods are in such condition that they must be speedily disposed of or else there will be a total loss, then there is an exception to the general rule which permits the purchaser to dispose of them. This right is implied from the necessity of the case and to make the loss as small as possible. But the exception only applies where the seller cannot be com-

municated with and instructions from him quickly obtained.

Applying the rule laid down in the authorities cited to the evidence adduced at the trial it at once becomes apparent that the question of acceptance was at least one of fact.    It might well be doubted whether the uncontradicted facts did not show as matter of law an acceptance. (Benjamin on Sales [5th ed.], p. 752; *Leggett & Myer Tobacco Co.* v. *Collier, Robertson & Hambleton,* 89 Iowa, 144.)    That question, however, is not presented on the appeal and we do not pass upon it.    The defendants ascertained, about seven o'clock on the morning of the 23d, when the goods were received, that the quality did not correspond to what they had purchased.    They communicated that fact by a telegram to the seller, but did not state that they refused to receive or offer to return them; on the contrary, without waiting until an answer to the telegram could be received from the seller (at most three or four hours) they proceeded to treat the goods as their own by delivering them to commission merchants for sale and so informed the seller.    Respondents suggest that the seller did not answer either telegram.    There was no necessity for its doing so.    Both telegrams were received at the same time and the second was to the effect that the goods had then been disposed of.

For the reasons stated it follows that the court also erred in instructing the jury they must find a verdict for the defendants if the contract was for dry picked turkeys.    Such instruction also withdrew from the jury the question of an acceptance.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant in all courts to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, POUND and ANDREWS, JJ., concur.

Judgment reversed, etc.