Judgment of conviction reversed and new trial granted.

---

CHARLES STURM, Respondent, *v.* WILLIAMS OVEN MANUFACTURING · COMPANY, Appellant.

Third Department, May 3, 1922.

Sales — action to recover damages for breach of implied warranty on sale of baker's oven to be constructed at plaintiff's plant — Personal Property Law, § 96, subd. 4, not applicable — implied warranty existed under Personal Property Law, § 95 — acceptance of oven so as to estop plaintiff from claiming damages not shown — consideration for original contract was sufficient consideration for promise to rebuild oven — errors, if any, disregarded on appeal, under Code of Civil Procedure, § 1317, and Civil Practice Act, § 105.

Subdivision 4 of section 96 of the Personal Property Law, which provides that there is no implied warranty as to fitness for any particular purpose in the case of a contract to sell or a sale of a specified article under its patent or trade name, does not apply to the sale of a baker's oven, where the contract does not mention a trade name but merely specifies, " No. 40 oven without piping * * * a steam boiler without plumbing connections," though the word " universal " appeared on a " job ticket " signed by the plaintiff after the oven was constructed, and where the defendant by its efforts to correct errors and remedy defects in the oven as constructed practically interpreted the contract as containing the warranty, and where the oven did not consist of one article but was made of different parts and products and was constructed at the buyer's plant.

Under the contract and the facts outlined an implied warranty existed by virtue of section 95 of the Personal Property Law which provides that where there is a contract to sell or a sale of goods by description there is an implied warranty that the goods shall correspond with the description.

The contention by the defendant, the seller, that the plaintiff accepted the oven and is thereby estopped from claiming damages because of defects therein is not sustained by the evidence and, furthermore, the defendant, having lulled the plaintiff into a sense of security by suggestions and promises which were calculated to show him that he would in time, have a workable oven, cannot now urge the delay so caused to his own advantage.

The promise of the defendant, after it was found that the defects in the oven could not be remedied, to rebuild the oven finds sufficient consideration in the consideration for the original contract.

Since it appears from the evidence that the judgment in favor of the plaintiff might well have been for a larger amount, the Appellate Division, by virtue of section 1317 of the Code of Civil Procedure and section 105 of the Civil Practice Act, will ignore the errors, if any, committed on the trial.

APPEAL by the defendant, Williams Oven Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 7th day of July, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of June, 1920, denying the defendant's motion for a new trial made upon the minutes.

*Walter A. Mulvihill,* for the appellant.

*Eugene D. Scribner,* for the respondent.

KILEY, J.:

This action was commenced on the 11th day of December, 1918, The complaint alleges that the plaintiff purchased of the defendant on the 12th day of August, 1914, to be installed at his place of business in the city of Gloversville, N. Y., a baker's oven and steam boiler at the agreed price of $1,115. It was to be delivered the 5th day of September, 1914. (It was actually installed in October, 1914, the work completed October 13, 1914.) The complaint further alleges that the oven was defective in construction and design, and such defects could not be discovered until after installation, and by reason thereof the plaintiff sustained great financial loss; that he notified the defendant, pointing out the defects, and that thereafter (spring of 1916) defendant agreed to reconstruct and replace the defective oven and furnish plaintiff with a workable oven meanwhile, which defendant attempted to do and in so doing put plaintiff to great expense, which under his original and subsequent contract, agreement and guaranty the defendant was legally bound and did promise to pay. Plaintiff alleged his damage was $2,500. Defendant by its answer admits the contract of August 12, 1914, which is in writing, and that it installed the oven and boiler and denies the other allegations of the complaint. Upon the issues thus presented the parties went to trial. The plaintiff had a judgment for $609.46. Unless some rule of law or evidence was violated the judgment should stand. It appears that, notwithstanding the efforts of the plaintiff, the oven did not do its work satisfactorily from the time of its building and installment and that complaints were made; the first one, made in writing, was about two or three months after the oven was built; defendant sent one of its men there and he repacked the outside lining with three loads of sand in addition to what had been used originally; still the heat was insufficient to bake the bread properly. The president of defendant came on from New York city and advised that a new chimney be built, which was done at an expense of $182 and for which plaintiff was not permitted to recover in this action. That did not give relief, and then the defendant, through its president, said it would rebuild

it and correct defects, and according to plaintiff's evidence the defendant was to stand the expense; much of it the jury were not permitted to consider in this action. The oven was rebuilt and still was unsuccessful. It appears that the defendant has since abandoned the model or kind of structure and has adopted another. The plaintiff had worked, in season and out of season, with this oven from October, 1914, until June, 1917, when the oven was rebuilt. He used soft coal in his effort to get sufficient heat; he did get more heat, but not enough and at the same time the smoke and soot spoiled the appearance, salability and quality of his bread to a great extent. It appears that plaintiff and the president of the company were, or became during the course of this deal, very friendly and it is fair to presume that plaintiff did all he could to make the venture a success, and would, in a measure, permit the inference that such relationship had much to do with the delay indulged in by plaintiff in pushing his claims. Some little time after the building of the oven a second time plaintiff went to defendant with the bills for the extra expense he had been obliged to bear because of the transaction, and even offered to compromise, but defendant disclaimed liability. The action followed.

In opposition to plaintiff's recovery the defendant urges that this transaction comes under section 96, subdivision 4, of the Personal Property Law (as added by Laws of 1911, chap. 571), which reads as follows: " In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose." The position is untenable for several reasons: *First.* The contract does not mention a trade name; it specified a " No. 40 oven without piping   *   *   *   a steam boiler without plumbing connections." This is the contract of sale dated August 12, 1914. I am not unmindful of the fact that on October 13, 1914, the plaintiff signed what is designated as a " job ticket." The word " universal " is used in describing this oven, but that was after the installation, and indicates, if anything, what the defendant did in performing under the general contract which he made with the plaintiff on August 12, 1914. *Second.* The defendant put a different interpretation on the contract from the one for which he now contends. Its efforts to correct errors and remedy defects is a practical interpretation of the contract. *Third.* The oven and boiler were one job and were not articles that could be set up in stock or shown in a window; they were made of different parts and products, part of which could be had, and in this case were had, in the immediate vicinity, and then constructed. It was not unlike a contract to build and construct a

building — it comes under the provisions of section 95 of the Personal Property Law (as added by Laws of 1911, chap. 571), which reads as follows: " § 95. Implied warranty in sale by description. Where there is a contract to sell or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description and if the contract or sale be by sample, as well as by description, it is not sufficient that the bulk of the goods corresponds with the sample if the goods do not also correspond with the description." It is further urged that the plaintiff accepted the outfit and is estopped from raising the question in this action. Of course this position is taken upon the assumption that there was no express or implied warranty. Even so, under certain limitations the warranties survive the acceptance. (Pers. Prop. Law, § 130, as added by Laws of 1911, chap. 571.) In this case whether or not there was an acceptance depends upon the words and acts of the plaintiff and the defendant. Defendant, having lulled the plaintiff into a sense of security by suggestions and promises which were calculated to assure him that he would, in time, have a workable oven, cannot now urge the delay so caused to his own advantage. Acceptance is a question of fact for the jury. (*White* v. *Schweitzer*, 221 N. Y. 461.) This question was fairly submitted to the jury and found adversely to defendant. Upon examination it will be found that *Brown* v. *Foster* (108 N. Y. 387) and *Regina Co.* v. *Gately Furniture Co.* (171 App. Div. 817) differ in material particulars from the case at bar. The foregoing observations conceive that reasonable notice of the defects complained of, under the circumstances, as required in section 130 of the Personal Property Law, was given; that is, it was bound up in the question of acceptance or non-acceptance, and that any delay existing was due to the acts and conduct of the defendant. The further contention made by the defendant is that there was no consideration for the new promise or contract to rebuild the oven at defendant's own expense. As I view the evidence, the effort put forth by the defendant was to earn the money it had already been paid and was not entitled to keep unless it made good. This was consideration enough. Plaintiff called as a witness the man who rebuilt the oven for the defendant, who testified as to its value before and after being rebuilt. It is urged that such witness was not shown competent. He was sufficiently qualified to give the evidence, and there was other evidence which could be considered in reaching the conclusion which was finally reached by the jury. The trial judge greatly limited the jury in the number and kind of items it could consider from plaintiff's evidence in reaching its verdict; the amount found does not cover the expense made. Plaintiff does not appeal; hence

inadequacy is not here for consideration. It follows, however, that the verdict is not excessive. After a careful examination of the facts in this case and of the divers holdings of the appellate courts on such questions as are raised by both sides, I feel this is a case where, if there are any errors, the provisions of section 1317 of the Code of Civil Procedure and section 105 of the Civil Practice Act apply.

I favor affirmance, with costs.

Judgment and order unanimously affirmed, with costs.