JACOB GROSS, Respondent, *v.* BERNARD I. ROSENHAUS et al., Doing Business as B. I. ROSENHAUS & SON, Defendants and Third-Party Plaintiffs-Appellants. RICHARD F. BEMPORAD et al., a Copartnership Doing Business as BEMPORAD COMPANY, Third-Party Defendants-Appellants.

First Department, May 26, 1953.

*David Schor* of counsel (*David Easton,* attorney), for third-party defendants-appellants.

*Seymour Steinberg* of counsel (*Nathan R. Shapiro,* attorney), for respondent.

*Berler & Goldstein* for third-party plaintiffs-appellants.

*Per Curiam.* The plaintiff sues to recover the purchase price because of defects in the carpeting. The action against the retailer is essentially based on a rescission of the contract of sale, and the plaintiff makes no claim for damages for the breach of warranty.

The right to rescind is not necessarily barred by the fact that the carpeting remained on the floor until commencement of the action. There was evidence from which the trier of the facts could and apparently did find that the plaintiff offered to return the carpet, and that his vendor promised to come and take it back. Generally, it is a question of fact whether the buyer's conduct in respect to the goods is so inconsistent with the seller's ownership as to constitute an acceptance and bar rescission

(*White* v. *Schweitzer*, 221 N. Y. 461). Where, as here, the continued use of the goods is with the consent or at the suggestion of the seller pending settlement of the differences between the parties, the trial court is justified in finding that the buyer has not exercised an act of dominion over the goods inconsistent with the seller's interest so as to defeat a right of rescission, and the seller cannot complain that the buyer has failed to make a prompt return of the goods (*Brown* v. *Foster,* 108 N. Y. 387).

Under the circumstances, therefore, we affirm the judgment in favor of the plaintiff against the defendants Rosenhaus for recovery of the purchase price. Of course, the plaintiff's offer to return the goods is a continuing obligation, and the retailer still has the right to obtain the carpet on payment of the judgment in this case (Personal Property Law, § 150, subds. 4, 5).

On the cross claim, however, a different situation is presented. The theory of the third-party action is not clear. If based on rescission, we find an absence of proof that the wholesaler or distributor agreed to the plaintiff's continued use of the carpeting or waived the prompt return of the goods. If, on the other hand, the third-party plaintiffs are merely seeking damages for breach of warranty, they have failed to adduce a proper measure of damages in support of the cross claim (see Personal Property Law, § 150, subds. 6, 7). The recovery in the third-party action is not the resale price of the carpeting to the ultimate purchaser. Accordingly, the cross complaint should be dismissed, without prejudice.

The judgment in favor of the plaintiff against the defendants Rosenhaus should be affirmed, with costs to the respondent; the judgment in favor of the third-party plaintiffs Rosenhaus on the cross complaint against the third-party defendants Bemporad and others, should be reversed, with costs to the third-party defendants-appellants.

Dore, J. P., Callahan, Breitel and Bergan, JJ., concur.

Judgment in favor of the plaintiff against the defendants Rosenhaus unanimously affirmed, with costs to the respondent; judgment in favor of the third-party plaintiffs Rosenhaus on the cross complaint against the third-party defendants Bemporad and others unanimously reversed, with costs to the third-party defendants-appellants. Settle order on notice. [See *post,* p. 834.]