■ FIL-COIL COMPANY, INC., Respondent, v INTERNATIONAL POWER SYSTEMS EQUIPMENT CORP., Defendant, and TRAUTMANN & ASSOCIATES, INC., Appellant.—In an action to recover payment for goods sold and delivered, the defendant Trautmann & Associates, Inc. (hereinafter Trautmann) appeals from (1) so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated July 5, 1985, as granted the plaintiff's motion for summary judgment against it, and (2) a judgment of the same court, dated July 30, 1985, which is in favor of the plaintiff and against it in the principal amount of $16,275.

Appeal from the order dated July 5, 1985 dismissed *(see, Matter of Aho,* 39 NY2d 241, 248). The portions of the order sought to be reviewed on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Judgment reversed, on the law, order dated July 5, 1985 vacated, the plaintiff's motion for summary judgment denied, and the matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff's motion for summary judgment was improperly granted, as triable issues of fact exist. While the goods in question were admittedly received by Trautmann, they were subsequently returned to the plaintiff on two occasions for remanufacture. The plaintiff maintains that the goods conformed to contract specifications while Trautmann claims that they did not. Therefore, the issues presented are whether the goods conformed to the contract, were wrongfully rejected, or, even if nonconforming, were accepted due to Trautmann's failure to reject them within a reasonable time (see, UCC 2-513, 2-606 [1]). Generally, whether a purchaser's retention of goods constitutes an acceptance must be determined as a question of fact (see, White v Schweitzer, 221 NY 461; see also, Sherkate Sahami Khass Rapol v Jahn & Son, 701 F2d 1049, 1051), and thus, the motion for summary judgment should have been denied.

Finally, we note that M. Scher & Sons, Inc., the ultimate user of the goods in question, is not a necessary party to this action (see, CPLR 1001). Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.