■ ICS/EXECUTONE TELECOM, INC., Respondent-Appellant, v PERFORMANCE PARTS WAREHOUSE, INC., Appellant-Respondent. —Order unanimously affirmed without costs. Memorandum: Plaintiff sold a telephone system to defendant, an auto parts and accessories wholesaler, and subsequently commenced this action for breach of contract based on defendant's refusal to pay for the system. Defendant counterclaimed, based on theories of breach of contract as well as breach of express and implied warranties, and negligence. Plaintiff thereafter moved for summary judgment on its complaint and to dismiss defendant's counterclaims, and defendant cross-moved for summary judgment. The court granted only plaintiff's motion for summary judgment dismissing the counterclaims. Defendant appeals and plaintiff cross-appeals from that order.

With respect to defendant's appeal, we do not consider defendant's argument that the court erred in failing to determine whether the disclaimer of the implied warranty of merchantability in the purchase contract was conspicuous pursuant to UCC 2-316 because that argument is made for the first time on appeal. Defendant's argument that there is an issue of fact whether the limited warranty failed of its essential purpose lacks merit because that limited warranty was provided by the manufacturer, and plaintiff is not bound by it *(see, e.g., Jaffee Assocs. v Bilsco Auto Serv.,* 89 AD2d 785, *affd* 58 NY2d 993). Contrary to defendant's argument on appeal, whether defendant accepted the telephone system or rejected it is a question of fact and cannot be determined as a matter of law on this record *(see,* UCC 2-602, 2-606 [1] [b]; *see, White v Schweitzer,* 221 NY 461, 464-465; *Tabor v Logan,* 114 AD2d 894; *see also, Fil-Coil Co. v International Power Sys. Equip. Corp.,* 123 AD2d 599, 600).

Finally, Supreme Court correctly dismissed defendant's second counterclaim because that counterclaim was essentially for economic loss based on the failure of the system to perform as promised *(see, Word Mgt. Corp. v AT&T Information Sys.,* 135 AD2d 317, 321).

With respect to plaintiff's cross appeal, the court correctly denied plaintiff's motion for summary judgment on its breach

of contract cause of action. Although plaintiff's president asserted that the telephone system functioned to specifications, defendant's president raised a factual issue by asserting that it did not. (Appeals from Order of Supreme Court, Monroe County, Patlow, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Balio, JJ.