Submitted on briefs June 7, conditionally affirmed June 22, 1915.

## HOUSMAN *v.* PETERSON.*

(149 Pac. 538.)

**Assault and Battery—Trial—Instructions.**

1. In an action for assault, where the court instructed that recovery for expenses incurred for medical services is known as compensatory damages, that, if the jury should find any sum expended by plaintiff for such attendance, he should be allowed the amount, and that there was no testimony, however, as to the amount of doctor's bills, and also charged that if a person wantonly assaults another without provocation the jury may allow punitive damages, and that if such is the case it is within the jury's discretion, in addition to compensatory damages for nursing and medical attendance, to allow damages by way of punishing defendant, a refusal to instruct that plaintiff could not recover for medical services because no evidence was offered as to the value thereof was erroneous, since the reiteration by the court of the statement that the jury might find in plaintiff's favor for medical service was likely to mislead the jury.

**Assault and Battery—Provocation—Reduction of Compensatory Damages.**

2. Provocation given the defendant by plaintiff leading to an assault and battery can mitigate only punitive damages, not those compensatory in their nature.

**Appeal and Error—Harmless Error—Instructions.**

3. In an action for assault, where the testimony and instructions showed that the jury clearly understood which of two assaults was relied upon for recovery, the refusal to instruct that a second assault could not be so relied upon was not prejudicial error.

---

*As to evidence of provocation to mitigate damages in civil action for assault, see notes in 1 L. R. A. (N. S.) 1137; 11 L. R. A. (N. S.) 670. REPORTER.

*Appeal and Error—Review—Amount of Damages—Remittitur.*

4. A judgment for damages for assault and battery will not be reversed for an erroneous submission of expenses for medical treatment, where the amounts claimed were definite and could easily be eliminated from the recovery.

From Multnomah: GEORGE N. DAVIS, Judge.

In Banc.     Statement by MR. JUSTICE BENSON.

This is an action by J. H. Housman against J. H. Peterson, for damages for personal injuries resulting from assault and battery.

The complaint charges, in substance, that on March 24, 1914, defendant, without cause or provocation, willfully and maliciously assaulted and beat the plaintiff; that the blows so received caused the blood to settle in and around plaintiff's eyes, and cut and wounded plaintiff's nose, causing a permanent scar thereon; that by reason thereof plaintiff suffered bodily pain, humiliation and distress to his damage in the sum of $2,500. Then follows a claim for special damages for loss of time, medical attention and nursing, in the sum of $75. Defendant's answer admits striking plaintiff in the face, but denies all the other allegations of the complaint. Then follow two affirmative defenses in the nature of counterclaims, but these were abandoned at the trial and no evidence offered in support thereof. From a verdict and judgment for plaintiff, defendant appeals.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).     CONDITIONALLY AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. P. P. Dabney* and *Messrs. Wood, Montague & Hunt.*

For respondent there was a brief presented over the name of *Messrs. Sears & Benedict.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The first two assignments of error are based upon the refusal of the trial court to instruct the jury that plaintiff could not recover for medical services because no evidence was offered as to the value thereof. The instructions given upon this point were as follows:

"Those damages are known as compensatory damages, and if you find from the evidence that the plaintiff lost anything from his inability to carry on his usual work and employment, and if you find any sum or sums for medical attendance or nursing, allow him such an amount as you find from the evidence that he has expended. As I understand it, there was no testimony, however, as to his earning capacity, nor as to the amount of doctor's bills. I will say that in conjunction with my other instruction.

"Now, it is also the law that, if a person wantonly and maliciously assaults another without provocation or cause, then it is within the province of the jury to allow the person assaulted what is known as punitive damages or smart-money. It is alleged in the complaint that this assault was malicious and vicious, and therefore, if you find such to be the fact, and it is within your discretion, you may allow the plaintiff, in addition to the compensatory damages, and the special damages indicated to you for nursing and medical attendance, you may allow him damages by way of punishment of this defendant. And that would be such a sum as you think under all the circumstances of the case should be levied against this defendant as a punishment for the assault committed upon the plaintiff, if you find that an assault was committed."

There was as a matter of fact no evidence as to the reasonable or any value of the medical attendance. While in the first paragraph of the instructions above quoted the court called the attention of the jury to the absence of such evidence, nevertheless in the next paragraph the court reiterates the statement that the jury may find in plaintiff's favor for medical services. We think the jury might very easily have been misled by this statement and the instruction requested by plaintiff should have been given.

2. Defendant next contends that the court should, as requested, have given to the jury the following instruction:

"You are further instructed that the plaintiff has alleged in his complaint that the defendant assaulted and beat him without cause or provocation, which is denied by the defendant, though the defendant does admit that he struck the plaintiff. There is, however, certain evidence in this case to the effect that the defendant was provoked and incited to strike plaintiff by certain alleged conduct on the part of the plaintiff. If you find that the plaintiff did, prior to being thus struck, use the language ascribed to him, and did refuse to leave defendant's premises when requested so to do by defendant, and did contrary to his agreement release defendant's bulldog, and if you further find that such conduct did incite the defendant to strike the plaintiff, then you will bear the same in mind in assessing plaintiff's damages, and will make such allowance in favor of the defendant on account of such mitigating circumstances as may to you seem just and reasonable under all the circumstances of the case. In other words personal abuse of the defendant by plaintiff, which induced, or tended to induce, the assault, may be considered by you in mitigation of damages."

It will be noted that this instruction makes no distinction between compensatory and punitive damages.

There is some divergence of judicial expression as to whether or not provocation can be considered by a jury in mitigation of compensatory damages. However, we think that the weight of authority and the better reasoning support the doctrine announced in the cases of *Fenelon* v. *Butts,* 53 Wis. 344 (10 N. W. 501), and *Osler* v. *Walton,* 67 N. J. Law, 63 (50 Atl. 590), in the latter of which it is briefly stated thus:

"A provocation that will not justify an assault should not excuse making compensation for the injury inflicted. It is enough that it may save or reduce a penalty *quasi* criminal, which is the foundation of punitive damages."

The instruction asked was therefore properly refused.

3. The next assignment presented by defendant is that the trial court erred in refusing to give the following instruction:

"I further instruct you that, under the pleadings in this case and the evidence adduced, plaintiff is not entitled to recover for any injuries suffered by him in the second assault mentioned in this case. Who was at fault in that encounter, and who may be entitled to recover for injuries then received, are questions not involved in this case. The sole purpose for which the evidence as to said second assault may be considered by you is in determining the extent of the injuries received by plaintiff in the first assault as distinguished from the second one. Whether or not defendant should compensate plaintiff for the injuries received in the second encounter, or whether the defendant instead should recover from the plaintiff for such injuries received in the second encounter, is not involved in this case, and is not for your determination."

4. A careful reading of the testimony and the instructions as given show that the jury quite clearly

understood which assault was relied upon for a re-
covery, and that defendant was not substantially hurt
by the refusal.  For the refusal of the court to in-
struct the jury in regard to the matter of medical at-
tendance, as requested, we should feel it necessary to
reverse the case, but for the fact that this item is prac-
tically segregated by plaintiff's complaint.

And therefore, following the precedent established
in the case of *Tuohy* v. *Columbia Steel Co.*, 61 Or. 532
(122 Pac. 36), it is ordered that if within 10 days plain-
tiff will remit the amount claimed for special damages,
amounting to $75, the judgment will be affirmed as to
the residue; if he fails to do this, the judgment will be
reversed.                        CONDITIONALLY AFFIRMED.