Argued January 20; reversed March 2, 1937

# McGILCHRIST *v.* FIEDLER ET AL.

(65 P. (2d) 388)

Department 2.

*W. C. Winslow* and *George A. Rhoten,* both of Salem, and *E. L. McDougal,* of Portland, for appellants.

*McDannell Brown* and *Alfred P. Dobson,* both of Portland, for respondents.

RAND, J. This action was brought by William Mc-Gilchrist, Jr., to recover on a promissory note executed and delivered to him by J. E. Fiedler in payment for services performed by plaintiff as a real estate broker. Fiedler, who was the sole defendant in the action as originally brought, answered, setting up as a counterclaim in favor of himself and Josephine Fiedler, his wife, certain facts which he alleged entitled them to have other parties brought in and made defendants in the action and thereupon the court made and entered an order directing that Josephine Fiedler, R. D. Embrey, Royal Indemnity Company, William McGilchrist, Sr., and George L. Arbuckle be brought in and made defendants in the action, and that Fiedler should be permitted to file an amended and supplemental answer and counterclaim and serve a copy thereof together

with a copy of the summons and order on each of said parties, and that they and each of them be required to appear and answer or reply thereto.

Thereupon an amended and supplemental answer was filed by the Fiedlers in which they alleged, in substance, as a counterclaim that they had been induced by certain alleged false and fraudulent representations made to them by one R. D. Embrey, an alleged copartner and agent of the plaintiff, to enter into and execute a contract for the exchange of their property for other property belonging to Edgar Wardell and Ella M. Swanson, and that the note had been given before discovery of the fraud in payment of a commission which, but for the fraud, would have been due for the services performed, and that, after the discovery of the fraud, he had notified the plaintiff that he had rescinded the note.

The Fiedlers also alleged that plaintiff and Embrey were duly licensed real estate brokers and that each, in conformity with the statute, had filed in the office of the real estate commissioner of the state of Oregon an undertaking which obligated each thereof and their sureties respectively to respond in damages for such damage as might result to any person from the fraud of the principal named in the bond; that William McGilchrist, Sr., and George L. Arbuckle were sureties on plaintiff's bond and the Royal Indemnity Company on Embrey's bond; that immediately upon discovery of the fraud, Fiedler and his wife had brought suit in the circuit court for Multnomah county against Wardell and Swanson for a rescission of the contract and for a restoration to them of the property they had parted with, and that a decree was entered in that suit

rescinding the contract and directing a reconveyance by each to the other of the property received under the contract.

In making and carrying out the contract with Wardell and Swanson, the Fiedlers alleged that they had sustained certain damages which were itemized in the counterclaim as follows: Certain expenses incurred in moving their household effects and furniture from their farm to the property for which the exchange was made and in returning the same to their farm, the damages resulting from such moving, which the counterclaim alleges amounted to the sum of $300; loss of income from their farm during the three months they were out of the possession thereof, amounting to the sum of $300; certain waste alleged to have been committed by Wardell during the time he was in possession of the ranch, amounting to the sum of $1,250; certain expenses incurred in connection with said suit and in protecting their property against loss and damage, amounting, in addition to the taxable costs in said suit, to the sum of $1,050; and impairment of Mrs. Fiedler's health as a result of said misrepresentations and of her going back and forth between the properties, in the sum of $2,500.

Upon the filing of the amended and supplemental answer and counterclaim, each of the new defendants so brought in answered and denied that they had made any of the alleged misrepresentations, or that the Fiedlers had sustained any damage as alleged or otherwise, and set up, as a defense to the action and by way of an estoppel, the proceedings had and taken by the Fiedlers in the rescission suit.

Under these issues, the elements of damage alleged in the counterclaim, excepting only that claim for the impairment of Mrs. Fiedler's health, were submitted to

the jury and a judgment on the verdict in the sum of $1,550 in favor of the Fiedlers was entered against all the other parties to the action, and from this judgment the parties have appealed.

■ The evidence wholly failed to show that any of the new parties were connected with the execution of the note or in any way liable thereon, and, hence, the contention that there could not be a complete determination of the controversy between William McGilchrist, Jr., as payee and holder of the note, and J. E. Fiedler, as maker thereof, without the presence of said additional parties was manifestly unfounded and untrue. Nor, if the execution of the note had been induced by fraud, as alleged, was it necessary that either or any of said parties be made defendants in the action in order to enable the defendant to defend against the note, for in such case the defendant would have a complete defense to the enforcement of the note. It is settled law that, where the execution of a promissory note is induced by fraud, deceit, fraudulent concealment, false representations or false pretenses, the maker may defend against it upon that ground when sued by the original holder or by any other person who is charged with notice of its infirmity. See 2 Black on Recission, (2d Ed.) section 390, and authorities there cited. Also see *Benson v. Keller*, 37 Or. 120 (60 P. 918), *Kingman Colony Irr. Co. v. Payne*, 78 Or. 238 (152 P. 891), and *Bank of Freewater v. Hyett*, 137 Or. 193 (1 P. (2d) 1113).

Section 1-314, Oregon Code 1930, provides for the bringing in of additional parties when necessary for a complete determination of the controversy. It provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice

to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in.''

■ In construing this section, this court said in *Tichenor v. Coggins,* 8 Or. 270:

''Evidently this section of the code requires the issues between the original parties to an action to be determined as they are presented for adjudication, unless by so doing the rights of others would thereby be prejudiced, and it is only when they can not be so determined that other parties can be brought in by the court.''

■ Under the interpretation thus given to that section, with which we are in entire accord, it required that the issues between the original parties to the action should be determined as they were presented for adjudication without the presence of any other or additional parties to the action, for it is clear that the rights of no other person could have been prejudiced thereby and, hence, the court was not warranted under that statute to bring in any of said additional parties and make them defendants in the action.

■ Again, the facts alleged in the counterclaim pleaded in the amended and supplemental answer did not constitute a counterclaim within the meaning of section 1-611, Oregon Code 1930, which provides in part as follows:

''The counterclaim mentioned in section 1-610 must be one existing in favor of the defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

(1) A cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim.

(2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.   *   *   *''

The matters pleaded in this counterclaim did not show an existing demand or cause of action in favor of the defendant, J. E. Fiedler, and against the plaintiff, William McGilchrist, Jr., between whom a several judgment might be had in the action. On the contrary, the facts pleaded showed not a cause of action in favor of himself alone but a cause of action in favor of himself and his wife, and not against the defendant alone but against the defendant and four other persons, which, if prosecuted at all, could only be done under our code in an independent action.

Moreover, the matters attempted to be pleaded as a counterclaim in this action were not sufficient to constitute a counterclaim under our statute, since they did not arise out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, nor out of any other contract and, hence, they did not come within the provisions of either subdivision 1 or subdivision 2 of section 1-611, Oregon Code 1930. The complaint sets up a promissory note which is one form of contract, while the matters pleaded as a counterclaim were in the nature of a tort and, hence, could be pleaded only in an independent action.

■ There is, of course, a distinction between what may be set up as a counterclaim in a law action and what may be set up as a counterclaim in a suit in equity under section 6-113 of the Code. This distinction grows out of the difference in the language of the two sections and was recognized and pointed out in *McDonald v. Mackenzie,* 24 Or. 573 (14 P. 866), and *Le Clare. v. Thibault,* 41 Or. 601 (69 P. 552), and need not again be

restated. The statute governing equitable counter-claims contains the additional language not found in section 1-611, to wit: "It is sufficient if it (the counter-claim) be connected with the subject of the suit". This, of course, is an action at law and is governed wholly by the provisions of section 1-611, but even if this had been a suit in equity the matters pleaded would not have constituted a counterclaim.

■ It is true that the counterclaim sought to be inter-posed here was not moved against or demurred to. Therefore, it must be construed most favorably to the pleader: *Sig. C. Mayer & Co. v. Smith,* 112 Or. 559 (230 P. 355). The objection, however, was raised at the end of the trial by a motion for a directed verdict which should have been sustained because there was no authority in law for pleading these matters as a counterclaim in an action based on a promissory note.

Under this view of the law, it is not necessary for us to consider other objections that have been urged against the validity of the judgment appealed from.

For the reasons above stated, the judgment will be reversed and the cause will be remanded with directions to dismiss the action as to all parties except plaintiff and J. E. Fiedler, and to permit the action to proceed as to them with leave upon the part of said defendant to apply to the court for permission to file an amended answer if he so desires, and it is so ordered.

BEAN, C. J., and BAILEY and CAMPBELL, JJ., concur.