Argued March 4, affirmed May 13, 1964

## ANDREWS *v.* LYON
### 392 P. 2d 247

*Stanley C. Jones,* Medford, argued the cause for appellant. On the brief were J. Anthony Giacomini, Klamath Falls, and Jones and Reeder, Medford.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Vandenberg & Coe and Hal F. Coe, Klamath Falls, and Pozzi, Levin & Wilson, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the defendant, Rodney Lyon, from a judgment in favor of the plaintiff, Marvin Andrews, which the circuit court entered upon a jury's verdict. The complaint alleged that May 13, 1960, the defendant "wilfully, maliciously and wrongfully" struck the plaintiff in the right eye. The jury's verdict and the resulting judgment awarded the plaintiff $1,943.45 special and general damages as well as $3,200 exemplary damages.

At about 11:30 p.m. May 13, 1960, the plaintiff who was enlisted in the United States Air Force and was stationed at Kingsley Field near Klamath Falls entered a resort in Klamath Falls known as Pastime Bar. Thereupon he ordered, so he swore, "a beer," and seeing a young woman, by the name of Mrs. Gertrude Harvel, whom he had known for some time seated at the bar, sat beside her. The two engaged in conversation. About 45 minutes later the defendant and two companions entered Pastime Bar and took seats a little removed from the plaintiff. The plaintiff was not acquainted with the defendant nor with his two companions. The defendant testified that he did not know Mrs. Harvel.

About 15 minutes after the defendant had entered the resort the plaintiff concluded that it was time for him to leave and thereupon asked Mrs. Harvel whether he could give her a ride to the Metropolitan Hotel. She assented. At that point the plaintiff and Mrs. Harvel, according to the plaintiff, left the Pastime Bar and walked across the adjacent street to the plaintiff's automobile.

The defendant swore that Mrs. Harvel was very drunk and that the plaintiff was partially so. He testified that Mrs. Harvel did not wish to leave and

that the plaintiff forced her. When the plaintiff and Mrs. Harvel had gone through the doors of the Pastime place the defendant did the same and for a moment or two watched the plaintiff and Mrs. Harvel. According to the defendant, Mrs. Harvel still did not wish to go with the plaintiff and he was required to prod her. About that time the defendant crossed the street and stood alongside of the plaintiff and Mrs. Harvel while the plaintiff was preparing to admit her into his automobile.

The defendant claims that he crossed the street and took a place beside the plaintiff and Mrs. Harvel because he wished to give the woman the benefit of his protection. He conceded that she had not asked for his intervention.

When the plaintiff observed the defendant beside the automobile, he asked the defendant, so the plaintiff swore, "Say, Buddy, what's your problem?" and that the defendant replied, "There's no problem." The defendant swore that those words were not spoken. According to him the plaintiff addressed to him a profane epithet, and at the same time reached to his pocket in such a manner that the defendant thought the plaintiff was about to produce a knife. At that point the defendant struck the plaintiff a blow which knocked the plaintiff down. Only one blow was struck. The defendant is a very large man. He testified, "I hit him fairly hard." The blow has caused permanent injury to the plaintiff's right eye.

The defendant presents seven assignments of error. All of them are based upon requested instructions that were not given. No exception was taken to the instructions that were given to the jury.

The requested instructions present no novel or unusual legal issue. The law governing assault and bat-

tery is well settled. Although the plaintiff and the defendant did not give the same account of what occurred when the defendant came to the plaintiff's automobile, the defendant admitted that he struck the blow, that it was a severe one and he does not question its after effect.

The instructions that were given to the jury acquainted the jurors through clear, common-place language with the legal principles that governed the issues. We read them with care and discovered nothing that was omitted that the jurors needed for guidance.

■■ Courts in Oregon are not bound to instruct in the language of requested instructions even though the requested instructions may be correctly phrased. We have carefully compared the requested instructions with those that were given and found that the instructions given are in well chosen language and gave to the jury the legal principles which it needed to resolve the issues of this case.

The assignments of error disclose no merit.

The judgment of the circuit court is affirmed.