Argued October 6, affirmed November 4, petition for rehearing
denied December 15, 1964

## SMITH *v.* FIELDS CHEVROLET CO. ET AL

396 P. 2d 200

*Marvin S. W. Swire,* Portland, argued the cause for appellants. On the briefs were Rosenberg & Swire and Leo Levenson, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. On the brief were Pozzi, Levin & Wilson and Garry Kahn, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan and Goodwin, Justices.

GOODWIN, J.

This is an action for damages for loss of consortium. The plaintiff alleged that the defendant corporation, by one of its salesmen, assaulted and battered her husband without provocation while ejecting him from the corporate defendant's premises. Defendants appeal from a judgment for the plaintiff.

The corporate defendant is in the business of selling new and used automobiles. The individual defendant is an employe of the corporation. The plaintiff's husband had recently purchased an automobile from the defendants. Being dissatisfied with the car's

performance, the husband stopped by the premises of the corporate defendant to complain about the automobile. The salesmen present grew tired of hearing the customer's complaints, and they asked him to leave. The customer refused to leave. One or more of the sales persons attempted to eject the customer from the premises, and hands were laid upon the customer.

The plaintiff alleged that her husband suffered an injury in the episode. There were jury questions concerning such matters as who started the altercation and whether or not unreasonable force was used in concluding it. Furthermore, there was a jury question as to the status of the plaintiff's husband. When he first came upon the defendant's premises, he was a business invitee. There were questions for the jury concerning the time and manner in which the customer ceased to be a business invitee and became a trespasser, if, indeed, he ever did lose his status as a business invitee. On several issues there was contradictory evidence which could only be sorted out by a jury. There was evidence to support each of the plaintiff's allegations. Consequently, on this appeal, we are not concerned with the fact questions.

The primary issue on this appeal is whether or not the giving of a faulty instruction was reversible error. The jury was told:

"The defendants in this case claim that in any event, and even assuming that Mr. Smith had an invitation to enter Mr. Randall's office they, the defendants terminated his invitation by requesting him to leave, and that he refused so to do within a reasonable time. If you find from the evidence that the defendants did request him to leave and that he refused to do so within a reasonable time, then he was a trespasser at that time and the defendants were justified in using such force as was

reasonably necessary to remove him from Mr. Randall's office.

"You are instructed that the defense that the defendants requested Albert Smith to leave their premises and that Albert Smith refused to leave upon request cannot be successfully invoked *if the defendants themselves were at fault* or if the defendants themselves used unnecessary force in attempting to eject Mr. Smith." (Italics supplied.)

An exception was saved. The trial court should have called back the jury so that the last sentence of the quoted instruction could have been clarified. Taken by itself, this part of the instruction could have been misleading. The jury might not have known whether, in using the words "if the defendants themselves were at fault," the trial court was permitting them to consider both the conduct of the defendants in ejecting an unwelcome customer from the premises and their antecedent behavior in selling him an automobile that did not please him.

■■ The giving of inconsistent instructions upon a material issue is reversible error. *Voight v. Nyberg,* 218 Or 383, 345 P2d 821 (1959). However, if the instruction does not contain inconsistent statements, the mere fact that an unfortunate ambiguity lurks in the instruction will not necessarily make the giving of such an instruction reversible error. This is particularly true when a reading of the complete charge to the jury makes it clear that the jury was correctly informed as to the law. The instructions must be considered as a whole and not in fragments. *Livingston v. Portland Gen. Hospital,* 225 Or 416, 425, 357 P2d 543 (1961).

■ In a number of ways, the jury was told that the defendants were entitled to use reasonable force to remove a trespasser from their premises. The jury

was also given careful instructions on how to decide whether or not the customer had become a trespasser.

We do not believe that the unfortunate insertion of the "at fault" phrase in the instruction was so grave an error that we must reverse the case. There were seven typewritten pages of instructions which were given exactly as requested by the defendants. The net effect of the instructions was to make it impossible for the plaintiff to recover unless the jury believed the plaintiff's evidence and wholly rejected that of the defendants.

■ After a careful examination of the record, we are satisfied that the error was not the kind of error that was likely to affect the outcome of the litigation. See ORS 19.125. If the jury believed the testimony of the plaintiff's husband, the jury could have decided that even if the customer was a trespasser the force used by the defendant salesman was excessive.

We can find no reason for believing that this jury, which had spent the better part of two days listening to voluminous evidence about the altercation in the sales office, was misled by the minor error in the instruction. The issue was clear. If the jury believed the plaintiff's evidence the defendants were liable.

■ Another assignment of error challenges the failure of the trial court to give a requested instruction which discussed the burden of proof. The defendants copied the instruction from an instruction that had been given in *Linkhart v. Savely,* 190 Or 484, 496, 227 P2d 187 (1951). It should be observed that, in holding that the instruction given in *Linkhart v. Savely* was not erroneous, the court in that case noted that it was unfortunately stated. 190 Or at 497. The instruction given in *Linkhart v. Savely* should be strictly limited to the case in which it was used. In the case at bar,

there was no error in refusing to give the requested instruction. In other parts of the charge to the jury the court correctly instructed the jury that each party had the burden of proving the affirmative matters alleged in his pleading.

In the case at bar, the plaintiff had alleged an unprovoked battery. In their answer, the defendants alleged that the customer had become a trespasser, and that they had used reasonable force in ejecting him. The defendants also alleged that their conduct was a proper defense of person and property. These matters constituted allegations of privilege. Since the defendants admitted laying hands on the customer, the jury could not find for the defendants unless the jury believed that the defendants were privileged to do so. The burden was not on the plaintiff to show that the customer was not a trespasser. There is no error in refusing a requested instruction if the instructions given correctly state the law. *Andrews v. Lyon,* 237 Or 490, 392 P2d 247 (1964).

■ The other assignment of error asserts that the court should have directed a verdict for the defendants. The record shows two completely different versions of what happened. A more suitable case for jury determination can hardly be imagined.

Affirmed.