Argued July 16, affirmed September 11, 1970

POLITTE, *Appellant, v.* VANDERZEE ET AL, *Respondents.*
473 P2d 1013

*Douglas E. Kaufman*, Tillamook, argued the cause for appellant. On the briefs were McMinimee & Kaufman, Tillamook.

*Edward H. Warren*, Portland, argued the cause for respondents. With him on the brief were Hershiser & Mitchell, Portland.

Before O'CONNELL, Chief Justice, and SLOAN, HOLMAN and HOWELL, Justices.

SLOAN, J.

This is an action for assault and battery alleged to have been committed upon plaintiff by defendants while plaintiff was a patron at defendant McMullen's restaurant and cocktail lounge. The case was tried to a jury. A verdict was returned for defendants. Plaintiff appeals from the resulting judgment.

There is no dispute in the evidence that the scuffle did take place between plaintiff and defendants Mc-

Mullen and McMullen's employee, Vanderzee. Plaintiff alleged and testified that in addition to being hit by defendants, that defendant McMullen sprayed his face with mace. Defendants acknowledge that plaintiff did get sprayed in the face with mace but claim it was accidental. The principal issue presented by plaintiff on this appeal is that the court erred in instructing the jury upon the issue of self-defense when that issue had not been adequately plead in defendants' answer.

■ The only challenge to the defendants' answer made to the trial court was in the form of exceptions made to instructions given by the court and by the requested instructions submitted by plaintiff that were not given. On this appeal plaintiff for the first time submits what is, in essence, a demurrer that the allegations of the answer do not adequately allege self-defense. It is axiomatic that a pleading first challenged here is construed favorably to the pleader. If the pleading can be construed as stating a cause of action or a defense, it will be upheld. *Carter v. Kelley*, 1958, 215 Or 145, 330 P2d 1057, 332 P2d 597.

■ In this instance the affirmative defense alleged that "as the consequence of Plaintiff's attack upon Defendants, Defendants necessarily defended their persons from bodily harm by placing their hands on Plaintiff." Although this pleading could have more fully stated defendants' contentions, it does meet the test required. The opinion in *Moe v. Jolly Joan and Howser*, 1965, 239 Or 531, 399 P2d 22, relied on by plaintiff, is not to the contrary.

■ A further assignment urges that when the court was reviewing the pleadings to the jury the defenses were over-emphasized by repetition. The court did

summarize the pleadings to the jury but there was no more undue emphasis on the defenses alleged than on plaintiff's allegations. We have examined all the instructions given by the court and find them fair.

■ Another assignment claims that the court erred in one instruction in referring to plaintiff as an "assailant." The particular instruction was cast in generalized, abstract terms in which the court was defining the meaning and the requirements of self-defense. The use of the word could not have been construed by the jury as having particular reference to the plaintiff or that the court was branding him as an assailant in the particular factual situation. As stated, the whole of the instructions were fair as to both parties.

■ Other assignments complain of the failure to give certain requested instructions. The subject matter of the requested instruction was given by the court in other instructions given.

■ The last assignment claims error in an instruction which told the jury that the invitation to enter a business premise may be revoked at any time and the proprietor may employ such force as is or appears reasonably necessary to eject a disorderly person who refuses to leave on request. On appeal plaintiff complains that instructions did not also tell the jury that it was necessary that defendants give plaintiff a reasonable time to leave after he had been told to do so.

As stated in the case of *Smith v. Fields Chevrolet*, 1964, 239 Or 233, 396 P2d 200, assuming that it would have been proper to instruct as suggested by plaintiff, it was not such an omission that would justify a reversal of this case. ORS 19.125. In considering the conflicting testimony in respect to what took place

during the scuffle it is impossible to believe that the mention of giving the plaintiff a reasonable time to leave after requested to do so had any relevance to the particular facts of this case.

We find no error in the proceedings and the judgment is affirmed.