Argued November 9, 1973, affirmed March 7, 1974

SELTZ, *Respondent, v.* ABBOTT, *Appellant.*

520 P2d 355

*Donald D. McKelvey* and *J. Wallace Gutzler,* Woodburn, argued the cause for appellant. With them on

the briefs were Gutzler, Davis, McKelvey & Klein, Woodburn.

*Robert L. Engle,* Woodburn, argued the cause for respondent. With him on the brief were Eichsteadt, Bolland & Engle, Woodburn.

HOWELL, J.

Plaintiff filed this action for a declaratory judgment seeking a determination of the relative interests of plaintiff and defendant in real property which they had purchased as husband and wife although they were unmarried at the time.

The defendant filed a counterclaim asking the court to also decide the following issues:

(1) the ownership of personal property jointly purchased;

(2) whether a filiation proceeding should be conducted to determine the paternity of a child born to the defendant while cohabiting with the plaintiff;

(3) whether child support for that child should be ordered;

(4) whether child support for a child, not the progeny of the plaintiff, should be ordered;

(5) the custody of the child of the parties; and

(6) whether the plaintiff's asserted one-half interest in the above real property should be awarded in trust for the two minor children, with the defendant as trustee.

Plaintiff demurred on the ground that the counterclaim was not sufficiently connected with the subject matter of the suit. The demurrer was overruled. When the case came on for trial before another judge, the demurrer was sustained.

Defendant appeals, contending that the trial court erred in sustaining the demurrer to her counterclaim.

The defendant states that the question to be decided in this appeal is whether the trial court "should hear all of the issues surrounding the 'marriage' of the parties" at one time.

The applicable statutory sections relating to counterclaims state in pertinent part:

"ORS 16.300 Counterclaims in actions, including pleas in abatement. (1) The counterclaim * * * must be one existing in favor of the defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"(a) A cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim.

"* * * * * *"

"ORS 16.310 Counterclaims in suits. The counterclaim of the defendant in a suit shall be one upon which a suit might be maintained by the defendant against the plaintiff in the suit; and in addition to the cases specified in the paragraphs (a) and (b) of subsection (1) of ORS 16.300, it is sufficient if it is connected with the subject of the suit."

■ When the cause is in equity, these statutes are read together so that a counterclaim must be one arising out of the contract or the transaction set forth in the complaint or one connected with the subject of the suit. *LeClare v. Thibault*, 41 Or 601, 69 P 552 (1902).

This court has stated on several occasions that the purpose of a counterclaim is to "permit the expeditious and economical disposition of various claims between the litigants in a single suit unless the issues

are so unrelated that the consolidation of them would unduly complicate the trial." *Dean Vincent, Inc. v. Chamberlain,* 264 Or 187, 504 P2d 722 (1972); *Mack Trucks, Inc. v. Taylor,* 227 Or 376, 386-87, 362 P2d 364 (1961); *Benton Co. State Bank v. Nichols,* 153 Or 73, 54 P2d 1166 (1936).

■ Undoubtedly the trial court in the instant case believed that the issues raised by the counterclaim were unrelated and would unduly complicate the trial. We agree. The plaintiff was seeking only a declaration of the parties' interests in certain real property. Defendant's request for child support for a child by a previous marriage, custody of the child of the parties, the creation of a trust in the real property for her two minor children, a determination of the ownership of personal property, and the initiation of a filiation proceeding in which either party is entitled to a jury trial with expert medical testimony, would have resulted in the trial of collateral matters unrelated to plaintiff's suit and would have unduly extended and complicated the trial.

Affirmed.