Argued and submitted September 24, affirmed November 24, 1980

BEVILLE,
*Respondent,*
*v.*
MAC K. FALLS, INC. et al,
*Appellants.*

(No. 78-18-L, CA 15846)

619 P2d 958

Robert L. Cowling, Medford, argued the cause for appellants. With him on the brief was Ford & Cowling, Medford.

Samuel A. McKeen, Klamath Falls, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this action for battery as a result of an altercation with defendant Zakour on defendant Mac K. Falls' (McDonald's) parking lot. Zakour was employed as night manager for defendant McDonald's, a franchised fast food restaurant.

After leaving their work at a local pizza parlor in Klamath Falls, plaintiff and two friends parked their two cars on a portion of a K Mart parking lot adjacent to the McDonald's franchise. That portion of the lot was, by private agreement between K Mart and McDonald's, designated for use by defendant McDonald's. There were, however, no signs or other warnings that use by others was prohibited. As plaintiff and his companions started to walk toward a nearby movie theatre, Zakour requested that they remove their vehicles from the premises. Plaintiff refused, and an argument ensued which deteriorated into a fight in which plaintiff sustained a broken nose and other injuries.

For the purposes of this appeal, it is unnecessary to set out the evidence in detail. It is sufficient to note that the facts were disputed on every issue. There was, however, evidence from which the jury could have found that plaintiff provoked the fight, agreed to engage in mutual combat, and was the aggressor and that defendant Zakour acted in self-defense. The conflicts in the evidence were resolved by the jury against defendants when it returned a verdict in favor of plaintiff for general, special and punitive damages.

Defendants appeal, assigning as error the court's failure to instruct (1) that if plaintiff was the aggressor, he could not recover; (2) that if plaintiff provoked the altercation he was barred; (3) that plaintiff was barred if he consented to mutual combat; and (4) in failing to restrict plaintiff's rebuttal arguments concerning damages.

■ We note first that defendants are correct in their contention that "ordinarily an aggressor is not entitled to recover damages" arising from a battery. In *Linkhart v. Savely,* 190 Or 484, 227 P2d 187 (1951), the Supreme Court held that if plaintiff in an action for battery was to prevail " * * * it was incumbent upon him to prove that [defendant]

was the aggressor, or, if he failed in that respect, then to prove that, although plaintiff himself was the aggressor, the defendant used more force than was justifiable in repelling the aggression." 190 Or at 497. In this case the trial court instructed the jury as follows:

"[I]f you believe from the evidence in this case that the plaintiff was the aggressor and that the defendant used such force as was reasonably necessary to repel the attack upon him by the plaintiff, then the plaintiff does not have the right to recover in this case."

Defendants concede that this instruction properly informed the jury that plaintiff could not recover if he was the aggressor, but contend that another instruction given by the court erroneously created the impression that a finding that plaintiff was the aggressor would not bar plaintiff's recovery but could only be considered in mitigation of punitive damages.

■■ Before addressing that contention, however, we note that "in an ordinary case, the one who is deemed the aggressor * * * is the one who first employs hostile force against the other * * *." *Penn v. Henderson,* 174 Or 1, 16, 146 P2d 760 (1944). Provocative words or acts unaccompanied by the use or overt offer to use hostile force will not justify the use of force in self-defense, 174 Or at 14-20, though such *provocation may be considered by the jury in mitigation of punitive but not compensatory damages. Penn, supra,* at 20, *Housman v. Peterson,* 76 Or 556, 559, 149 P 538 (1915).

■ From the above it appears that words alone will never justify the use of force in self-defense. Likewise, overt acts not amounting to a battery or an imminent threat of the use of hostile force will not justify force in self-defense. *Eldred v. Burns,* 182 Or 394, 406, 182 P2d 397, 188 P2d 154 (1947). Such words or acts though not *justifying* the use of actual force in one's defense may be considered by the jury to be sufficiently provocative of the assault as to reduce or mitigate the need for punishment of the assailant.

Here the court instructed the jury that:

" * * * on the matter of provocation alleged, the provocation may be used by you in mitigating any punitive

damages if you are considering punitive damages, but provocation may not be used to reduce or mitigate the compensatory damages that are claimed in the case.

\* \* \* \* \*

"Concerning [self-defense], you are instructed that mere words, regardless of how offensive they are spoken by the assailed party cannot be the basis for assault under any theory of self-defense."

\* \* \* \* \*

" \* \* \* [I]f you find further that the plaintiff was not at fault by acting as an aggressor by means of abusive, physical, verbal conduct and this was a cause of the altercation with the defendant Zakour, then you may consider such fact in mitigation of punitive damages, that is, lessening of punitive damages if you are dealing with the issue of punitive damages, but under those circumstances, the provocation may not be used in mitigation of general damages or of special damages, and the same rule is true of the allegations of the defendant in alleging that plaintiff was at fault in provoking an altercation."

Defendants complain of the last quoted portion of the jury instructions.

Viewing these instructions as a whole, it is apparent that the court did not contradict its earlier instruction that plaintiff could not recover if he was the aggressor. Instead, the effect of the challenged instruction was to inform the jury that if plaintiff's conduct did not amount to an attack or imminent threat of an attack *justifying* defendant's use of force, plaintiff's abusive physical and verbal conduct, could, nevertheless, be considered as mitigating punitive damages. As so viewed, the instruction was an accurate statement of law.

While the instruction given by the trial court might have been more clearly phrased, we do not believe that the language complained of, if taken in the context of the other instructions, " \* \* \* probably created an erroneous impression of the law in the minds of the jurymen which affected the outcome of the case." *Waterway Terminals v. P. S. Lord,* 256 Or 361, 370, 474 P2d 309 (1970).

Thus, the trial court did not err in its instructions on aggression or provocation, nor did it err in declining to instruct the jury on these subjects in the language of

defendants' requested instructions. *Andrews v. Lyon,* 237 Or 490, 493, 392 P2d 247 (1964); *Smith v. Fields Chevrolet,* 239 Or 233, 236, 396 P2d 200 (1964).

■ ■ Defendants next contend that the trial court erred in failing to give their requested instruction to the effect that if plaintiff accepted a challenge to mutual combat, he could not recover. We do not decide whether acceptance of an invitation to mutual combat is a defense in Oregon. *See Penn v. Henderson,* 174 Or *supra* at 14. If it is a defense, it is affirmative in nature and must be pleaded. Defendants failed to plead this defense, and the trial court was not required to instruct on an affirmative defense which was not pleaded, even though it was supported by evidence. *Moe v. Jolly Joan and Howser,* 239 Or 531, 533-34, 399 P2d 22 (1965).

■ Finally defendants' contend that the court erred in permitting plaintiff, over defendants' objection, to argue the issue of damages to the jury in his reply argument. Defendants contend that they did not argue damages and that therefore reply argument on the subject was improper under former ORS 17.210(5).[1] Albeit briefly, defendants argued that plaintiff should not be awarded damages he did not deserve and that defendants should not be punished simply because defendant Zakour was a better fighter. These were arguments on damages to which plaintiff was entitled to respond.

Affirmed.

---

[1] Former ORS 17.210(5) (repealed by Or Laws 1979, ch 284, § 199) provides:

"When the jury has been selected and sworn, the trial, unless the court for good and sufficient reason otherwise directs, shall proceed in the following order:

" * * * * *

"(5) When the evidence is concluded, unless the case is submitted by both sides to the jury without argument, the plaintiff shall commence and conclude the argument to the jury. The plaintiff may waive the opening argument, and if the defendant then argues the case to the jury, the plaintiff shall have the right to reply to the argument of the defendant, but not otherwise.